JOHN B. ANDERSON ET AL., APPELLANTS, v. ODD FEL-
LOWS' HALL OF JERSEY CITY, A CORPORATION, ETC.,
APPELLEE.

Argued March 6, 1914—Decided June 15, 1914.

Where a contract provides for submission to arbitration of matters
arising under it, such agreement is a condition precedent where
it is provided that an action can only be brought for a sum fixed
by the arbitrators, or that no action shall be brought until there
has been an arbitration, or that arbitration shall be a condition
precedent to a right of action, but where no such covenants are
present, and there is simply a covenant to pay, and another cove-
nant to arbitrate, they are distinct and collateral, and the cove-
nant to arbitrate is not in such case a condition precedent.

---

On appeal from the Supreme Court, whose opinion is re-
ported in 55 *Vroom* 176.

For the appellee, *Melosh & Morten.*

For the appellant, *Merritt Lane.*

The opinion of the court was delivered by

BERGEN, J.   This action was instituted to recover the value
of extra work and materials furnished by the plaintiffs, in
excess of what a contract between the plaintiffs and defend-
ant for the construction of a building required.   The plaint-
iffs had judgment in the District Court for $297 and the
defendant appealed to the Supreme Court where the judg-
ment below was reversed and a judgment of nonsuit ordered
entered in the District Court for two reasons, the first being

that a covenant contained in the contract, requiring arbitration in certain matters, was a condition precedent and that without its performance the plaintiffs could not recover.

At the close of the testimony the defendant admitted that as to $227 of plaintiffs' claim written orders required by the contract had been produced, and to that extent the claim was not disputed on that ground, but insisted that as some of the items were disputed arbitration as to all was a condition precedent, and this the Supreme Court sustained. To affirm this judgment will sustain a nonsuit where a part of the plaintiffs' claim is not in anywise subject to the arbitration agreement, even if it should be a condition precedent, because not disputed. But in our opinion the covenant for arbitration contained in this contract is not a condition precedent to an action for the recovery of the extra work sued for.

The contract on this subject provides that "no alterations shall be made in the work except upon written order of the committee, the amount to be paid by the owner, or allowed by the contractors by virtue of such alterations to be stated in said order. Should the owner and the contractors not agree as to amount to be paid or allowed, the work shall go on under the order required above and in case of failure to agree, the determination of said amount shall be referred to arbitration as provided for in article 12 of this contract." Article 12 provides that: "In case the owner and contractors fail to agree in relation to matters of payment, allowance or loss, referred to in articles 3 or 7 of this contract, or should either of them dissent from the decision of the committee referred to in article 7 * * * the matter shall be referred to a board of arbitration, to consist of one person selected by the owner and one person selected by the contractors, these two to select a third. The decision of any two of this board shall be final and binding on both parties hereto."

The condition to arbitrate, as expressed in this contract, is not, by its terms, made a condition precedent to an action to recover for extra work. It is nothing more than an agree-

ment to arbitrate disputes regarding the amount to be allowed for extra work ordered and performed in cases where the parties cannot agree, revocable at any time before it is fully executed and an award made, and the bringing of a suit amounts to a revocation. *Reed* v. *Washington Ins. Co.,* 138 *Mass.* 572.

In the case of *Wolff* v. *Insurance Company,* 50 *N. J. L.* 453, the agreement contained a stipulation that no action should be maintained until after an award be obtained fixing the amount of the claim, as provided by the agreement to arbitrate. This was held to be a condition precedent, but Chief Justice Beasley, who delivered the opinion of the court, distinguished such condition from a case where the agreement merely declares that if the parties shall disagree as to the amount, such difference shall be arbitrated, which is the situation in the present case, for there is here no contract that the amount shall not be recoverable by suit until after arbitration, or the recovery limited to a sum to be fixed by arbitrators, or that arbitration shall be a condition precedent to a right of action, and therefore the arbitration covenant in this contract is not a condition precedent. *Birmingham Fire Ins. Co.* v. *Pulver,* 126 *Ill.* 329; 18 *N. E. Rep.* 804. This question was considered in *Hamilton* v. *Home Ins. Co.,* 137 *U. S.* 370; 11 *Sup. Ct.* 133, where the condition was similar to that in this case, there being "no provision whatever postponing the right to sue until after an award," and it was there held that the agreement to arbitrate was not a condition precedent, and the court distinguished that case from *Hamilton* v. *Liverpool & L. & G. Ins. Co.,* 136 *U. S.* 242; 10 *Sup. Ct.* 945, where the condition was that no suit should be sustained until after an award, in which case the obtaining of an award was held to be a condition precedent. To the same effect is *Mutual Ins. Co.* v. *Alvord,* 9 *C. C. A.* 623.

The weight of authority favors the rule that where the contract provides for submission to arbitration of matters of dispute arising under it, such agreement is a condition precedent where it is provided that an action can only be brought for a sum to be fixed by arbitrators, or that no action shall

be brought until there has been an arbitration, or that arbitration shall be a condition precedent to a right of action, but where no such covenants are present, and there is simply a covenant to pay, and another covenant to arbitrate, they are distinct and collateral, and the covenant to arbitrate is not in such case a condition precedent. The covenant to arbitrate in the present case being distinct and collateral, and the right of action not having been made dependent upon the result of arbitration, it is not a condition precedent, and the judgment of the Supreme Court based upon this ground cannot be sustained.

The next and only other question determined by the Supreme Court relates to the refusal of the trial court to admit certain evidence in proof of damages, which the defendant sought to recoup, under a claim that the plaintiffs had failed to carry out their original written contract according to its terms, in that they had omitted to lay a rough floor under the finished floor in the banquet hall. The defendant offered proof of the cost of taking up the finished floor, putting in the rough floor, and the relaying of the finishing floor.

The trial court admitted proof of the two latter items, but rejected it as to the first, and this the Supreme Court held was error. Under the view we take of this case it is not necessary to determine the question of the proper rule of damages to be applied in a case of this character, and no opinion is expressed concerning that question, because under the facts in this case the defendant had no standing to recoup the alleged damages.

It appears that after the contract had been prepared, but before it was signed, the defendant decided to put concrete between the beams which supported the floor of the banquet hall, in order to deaden the noise which might come from a bowling alley below, and an amendment to the contract was made concerning this floor, which required the defendant to lay a floor between the beams set three inches down from the top; this the plaintiffs did, and claim that this relieved them from laying the rough floor which they omitted.

Whatever may be the true construction of this contract,

that is, whether the change in the form of the contract relieved the plaintiff from putting down the rough floor, it was subject to the determination of the defendant's committee in charge of the work, for the contract provides, "It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said committee, and that its decision as to the true construction and meaning of the drawings and specifications shall be final." This committee, or some of its members, were present when the work relating to this floor was being done and made no objections to the interpretation of the contract made, and acted upon, by the plaintiffs and when, as it appears they did, they made the final payment of all that was due the plaintiffs under the contract, they are estopped from denying the construction and meaning of the drawings and specifications which the plaintiffs adopted, and which they acquiesced in without pretest or objection. The defendant through its committee, having by its acts construed this contract and the specifications, as amended, to permit the omission of the second floor in the banquet hall, cannot now revoke its decision to the injury of the plaintiffs.

As the views that we have expressed require a reversal of the judgment of the Supreme Court, we must consider the objections which the defendant made and which the Supreme Court did not deal with, and the only one which requires any consideration relates to the correctness of the action of the trial court in admitting proof of the value of certain work and materials furnished, for which admittedly no written order had been given. We start with the admission of the defendant that $227 was due the plaintiffs, but the balance of the account, made up of several items, the defendant disputed. One of these items is for $70 for which the plaintiffs held a written order, but the defendant claims that this order was given by mistake because the work which it called for was included within the contract. This the plaintiffs denied and that question was submitted to the jury. There were three other items for which the plaintiff produced no written orders, nor offered any proof to take them

out of the rule laid down by this court in *Landstra* v. *Bunn*, 81 *N. J. L.* 680, and therefore they should not have been submitted to the jury and the motion of the defendant's counsel to reject all evidence relating to their cost or value should have been allowed, and the hardship of this ruling by the trial court is manifested when we consider, that if they had been eliminated, then the verdict for $297 could well be said to have been made up of the two items, the $227 admitted and the $70 for which the plaintiffs held a written order, but this court cannot say with any certainty which of these items the jury used to reach the verdict they arrived at, for they were all submitted to the jury for their consideration.

The result is that the judgment of the Supreme Court as well as the judgment of the District Court is reversed and a new trial awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Parker, Bergen, Kalisch, Bogert, Vredenburgh, White, Heppenheimer, JJ.   10.