## ROGER LAUDATI *vs.* VINCENZO STEA *et al.*

### JUNE 20, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Libel.   Question for Jury.*

In an action for libel it was error to leave to the jury to decide whether a circular was libelous under instructions that the meaning of the word "steal" in the circular was to be determined by a consideration of the whole document, from which it was for the jury to say whether or not it was a malicious attempt to charge a crime or whether it was simply the use of exuberant language to express a very volcanic state of feeling.

*(2)  Libel.*

An accusation is libelous *per se,* which falsely charges an offence which although not a crime at common law, if proved may subject the party accused to a punishment not ignominious but bringing disgrace.

*(3)  Libel.   Charge of Larceny.   Compensatory Damages.*

Accusing one of stealing is charging the crime of larceny or embezzlement which is libelous *per se,* and there is no occasion to allege or prove special damages but accused is entitled on proof of defendant's responsibility, to recover compensatory damages.

*(4)  Libel.   Punitive Damages.*

The award of punitive damages in libel and slander is discretionary with the jury, where allowable, and they are properly allowed when actual malice is shown or a recklessness equivalent to actual malice.

*(5)  Libel.   Publication.*

A defendant is liable for publication of a libel even if he gave out but one copy of a circular of which a large number were printed.

*(6)  Libel.   Liability for Error.*

Where a circular made a grave charge against plaintiff by name, defendant cannot escape liability on the ground that the naming of plaintiff was a mistake and another person was intended, for where the words were clear there was no need to refer to extrinsic evidence to determine to whom the writing was intended to apply and the mistake could easily have been discovered by defendant by reading the circular.

*(7)  Libel.   Intent.   Damages.*

A defendant in libel is bound by the natural and ordinary consequences of his acts and his intent is no defence but is properly to be considered only in the assessment of damages.

TRESPASS ON THE CASE for libel.   Heard on exceptions of plaintiff and sustained.

STEARNS, J.   The action is trespass on the case for libel. The plea is the general issue.   After a jury trial, which resulted in a verdict for the defendant Stea, the case is now in this court on plaintiff's bill of exceptions.

The defendant Stea was the presiding officer of one of the subordinate lodges of the order of the Sons of Italy, a large fraternal organization of men of Italian descent.   The plaintiff is a young man of good reputation, who is engaged in the real estate business in the Silver Lake District of Providence.   Plaintiff was a member of the organization in 1917, but, at the time of the publication of the libel, in March, 1918, he was no longer connected with the society. Plaintiff's uncle, Nicola Laudati, was an officer of the society and also the president of a committee of the order which had control of the "Death Benefit" fund.   Upon the death of one of the members of the order, a controversy arose as to whether the lodge, which had been paying the dues of the deceased, or the widow of deceased, was entitled to receive the amount of the death benefit.   Nicola Laudati claimed the fund for the lodge.   Antonio Sollito, an officer of one of the lodges, supported the claims of the widow. There is evidence that defendant and certain other members of the society prepared and had printed, in the Italian language, fifteen hundred circulars which later were widely circulated throughout the State among the Italians.   The language of the circular was violent and abusive.   After announcing the fact that Sollito had been suspended by the organization because of his support of the claim of the widow, the charge was made in the circular that Sollito had thus been made the first victim by the grafters of the organization;  that it was now known to all the members the efforts made by Sollito and others "against the company of secret advisers of Silver Lake led by R. Laudati and his sponsors, who wrongfully appropriated $400, fleeced from all the Brothers of Rhode Island and stolen from a poor widow;"   reference was also made to this bad administration by Laudati and his companions and to a demand

which had been made for the restitution of the money wrongfully appropriated. The printed circular purported to be signed by the defendant Stea and others. Stea denies that he signed the draft for the printed circular and also makes a general denial of any responsibility for the publication of the printed circulars. The evidence on these issues is conflicting and raised issues of fact for the jury. The originators of the circular secured the services of an Italian scholar to revise and embellish their work. He testifies that the printed circular was prepared by him according to instructions and the draft given to him. It seems probable that the name "R. Laudati" by some mischance was printed instead of that of "N. Laudati," as defendant did not know the plaintiff R. Laudati. The printed circulars were delivered by the printer to Sollito. From him defendant secured at least one of these copies, which he carried to Bristol, and there gave to a member of the organization, to whom he stated that the circular contained a statement of what had been going on in Providence. Plaintiff is the only "R. Laudati" who lives in the Silver Lake District, and, in fact, in the entire State.

Numerous objections taken by plaintiff during the trial are waived and the only exceptions now urged are those taken to the charge to the jury, to the failure to charge as requested, and to the refusal of the trial justice to grant a new trial.

The trial justice left it to the jury to decide whether the circular was libelous and instructed them that the meaning of the word "steal" in the circular was to be determined by consideration of the whole document, from which it was for the jury to say whether or not it was a malicious attempt to charge a crime or whether it was simply the use of exuberant language to express a very volcanic state of feeling. This instruction was erroneous, and plaintiff's exception thereto is sustained. An accusation is libelous *per se* which falsely charges an offence which, although not a crime at common law, if proved may subject the party

accused to a punishment not ignominious but bringing disgrace; *Kelley* v. *Flaherty*, 16 R. I. 234 (a charge of fornication); *Morrissey* v. *Providence Telegram Co.*, 19 R. I. 124 (a charge that a man is an "ex-convict"); *Blake* v. *Smith*, 19 R. I. 476 (a charge of the keeping of a house of ill fame). The charge in the circular is, the commission of the crime of larceny or embezzlement. This is libelous *per se* and consequently there was no occasion to allege or prove special damages. Upon proof of defendant's responsibility for the libel plaintiff is entitled to recover compensatory damages. *State* v. *Spear*, 13 R. I. 324; *O'Brien* v. *Times Publishing Co.*, 21 R. I. 256. The award of exemplary or punitive damages in libel and slander is discretionary with the jury in cases where they are allowable. *Kenyon* v. *Cameron*, 17 R. I. 122. They are properly allowed when actual malice is shown, *Tillinghast* v. *MacLeod*, 17 R. I. 208, or a recklessness equivalent to actual malice, *Folwell* v. *Providence Journal Co.*, 19 R. I. 551.

The court further charged that to entitle plaintiff to recover he must prove that at the time this circular was drawn up, it was the intent of the maker of it to libel R. Laudati and that if the name "R. Laudati" was used instead of "N. Laudati" as a result of negligence plaintiff could not recover; that if defendant caused the publication of the circular and intended to libel R. Laudati the verdict should be for plaintiff, but if the circular was not aimed at R. Laudati and if from the whole of the circular it appears it could not have been a libel against R. Laudati because he was not a member of the organization and was not interested in the internal dissensions of the society and that if the whole context of the circular is such that it shows that it was aimed at that person who was an officer and who was interested in the death benefit, that it was aimed at him, then the verdict must be for the defendant. This part of the charge was erroneous. The question as stated in one of the cases is not who was aimed at, but who was hit. By his own admission defendant was responsible for the pub-

lication of the libel even if, as he claimed, he gave but one copy of the circular to the member of the organization in Bristol. *Rice* v. *Cottrell*, 5 R. I. 340. If a mistake was made in the printing of the name, it could easily have been discovered by defendant by reading the circular. A grave charge designedly intended to injure the reputation of the person named in the circular was made. The circular (6) referred by name to one person only. No one else could have a cause of action for this libel. There was no need to refer to extrinsic evidence to determine to whom the writing was intended to apply. The meaning of the circular as conveyed by the words is clear. The fact that active members of the organization understood that a mistake had been made in the name used is no defence. The public had no means of ascertaining who was referred to except by what was stated in the circular. The defendant in libel, as in other torts, is bound by the natural and ordinary consequences of his acts. The intent of defendant is no defence to the action, but is properly to be considered only in the (7) assessment of damages. *Folwell* v. *Providence Journal Co.*, *supra; Taylor* v. *Hearst,* 107 Cal. 262; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58. In the circumstances proof of express malice was unnecessary. The element of legal malice is found in the negligence and recklessness of defendant's acts. *Folwell* v. *Providence Journal Co., supra.*

As the plaintiff is to have a new trial it is unnecessary to consider the other exceptions.

Plaintiff's exceptions to the charge of the court which we have considered are sustained and the case is remitted to the Superior Court for a new trial.

*George F. Troy,* for plaintiff.

*William C. H. Brand, Joseph Veneziale,* for defendant.