JOHN MEYER, PLAINTIFF, v. AUGUST PETER, DEFENDANT.

Decided December 2, 1931.

For the plaintiff, *Levenson, Comen & Levenson.*

For the defendant, *Kappes & Hille.*

ACKERSON, S. C. C. The plaintiff having died since the institution of this action, application is now made to substitute the administratrix of his estate as the party plaintiff. Defendant resists the motion upon the ground that the cause of action abated upon the plaintiff's death.

The complaint is for an alleged malicious prosecution, and asserts in substance that defendant made a complaint before the recorder of Union City, as the result of which the plaintiff was "summoned," and did appear "touching a certain offense alleged to have been committed" by the plaintiff, which offense was not stated in the summons, and said complaint was thereupon dismissed. And it is alleged that said charge was false and made with malice and without reasonable or probable cause. "Wherefore plaintiff demands the sum of five thousand dollars ($5,000) or compensatory and punitive damages, together with costs of suit to be taxed."

An action for malicious prosecution is in tort directed to feeling and reputation and abates at common law upon the death of a party. 1 *C. J.* 202, § 383; 52 *L. R. A.* (*N. S.*) 1215 *et seq.;* 1 *R. C. L.* 32, § 27.

Our "Abatement act" (1 *Comp. Stat., p.* 4, § 3), provides that: "* * * if any plaintiff die after filing the declaration and before final judgment, the said action shall not abate by reason thereof, if such action might be originally prosecuted or maintained by the executors or administrators of such plaintiff."

The "Executors and Administrators act" (2 *Comp. Stat., p.* 2260, § 4), provides: "That executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser or trespassers, and recover their damages in like manner as their testator or intestate would have had if he or she was living." This is the converse of section 5 of the same act which provides for an action against the personal representative of the wrongdoer in similar cases.

The question raised by the present application is whether malicious prosecution is a wrong that is covered by the language of the foregoing sections of the "Executors and Administrators act." If it is, the action survives and this motion should be granted. If it is not, the action abates by the common law, and the motion should be denied.

In the case of *Alpaugh* v. *Conkling*, 88 *N. J. L.* 64, our Supreme Court, speaking through Mr. Justice Parker, said: "An examination of other statutes and of the decisions thereon leads us to the conclusion that the legislature did not intend that libel or slander, considered purely as injurious to the feelings and reputation, and apart from special damage, should survive to the personal representative * * *. Our conclusion is that the words 'trespass to the person or property' in section 5 of the Executors and Administrators act, do not include libel or slander apart from special damage to property rights; and as no such damage is now alleged, it is unnecessary to consider whether the action would

survive in such a case." In the course of this decision the court cites in support of its position the case of *Nettleton* v. *Dinehart* (*Mass.*), 5 *Cush*. 543, which was one for malicious prosecution.

In most states having survival statutes similar to our own an action for malicious prosecution does not survive the death of a party. 1 *C. J.* 202, § 383, and cases cited.

In the case *sub judice* there is no allegation of special damage to property rights and there was no arrest; and since an action for malicious prosecution is peculiarly directed to feeling and reputation, and is an action on the case, it is evident that it is not saved by our statute which gives the executor or administrator a cause of action for "trespass done to the person or property, real or personal, of their testator or intestate."

The motion will, therefore, be denied and an order may be presented in accordance with the conclusion thus reached.