Hudson County Circuit Court.

LOUIS E. SOUVAY, PLAINTIFF, v. LOUIS FRICKE, DEFENDANT.

Decided November 10, 1933.

For the plaintiff, *Meaney & Lifland.*

For the defendant, *Isaacs & Gunther.*

Brown, C. C. J. This matter is before the court on the plaintiff's motion to suggest the death of the above named defendant on the record of the case and have an order entered substituting Anna Fricke, executrix of the last will and testament of Louis Fricke, as the party defendant. The suit is one for alienation of affections with a count for criminal conversation. While the suit was pending and awaiting trial the defendant died. According to the agreed statement of facts made by counsel of the parties the plaintiff brought his suit against the defendant on the 23d day of December, 1931. The defendant died on the 16th day of June, 1933, and his last will and testament was probated on the 28th day of June, 1933, Anna Fricke, his mother, qualifying as executrix. Defendant insists that the action is one for alienation of affections and criminal conversation and abates upon the death of the decedent.

The first count of the complaint contains the allegations usually made in cases involving alienation of affections and concludes by demanding damages alleging that the plaintiff Louis E. Souvay was wrongfully deprived of the affections,

comfort, society, aid and consortium of his wife, Jeanette A. Souvay, to which he is entitled and which he otherwise would have had and enjoyed." The second count is based upon a charge of criminal conversation and alleges that because of said wrong-doing the "affections of the said Jeanette Souvay was wholly alienated and destroyed and the plaintiff has wholly lost the affections, society, aid and consortium of his wife to which he is entitled and which he otherwise would have had and enjoyed."

The "Abatement act" (1 *Comp. Stat.* 1910, *p.* 4), provides that:

"A suggestion of death of a party on the record may be filed during the pendency of a suit provided such action might originally be prosecuted or maintained against the executors or administrators of such defendant."

The "Executors and Administrators act" (2 *Comp. Stat.* 1910, *p.* 2260, § 4), provides:

"That executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser or trespassers, and recover their damages in like manner as their testator or intestate would have had if he or she was living."

The significant part of this statute as far as this application is concerned is to interpret the meaning of the word "trespass." In the case of *Ten Eyck* v. *Runk,* 31 *N. J. L.* 428, it was determined that the above entitled statute was a remedial one it being the legislative intention to relieve against the harsh injustice of the rule *actio personalis moritur cum persona.* It was held that the word "tresspass" as used in the section under consideration, must be received as equivalent in meaning to the word "tort" so that the effect of the provision is to give a right of suit against the personal representatives of a deceased wrong-doer for any injurious act of a suable nature, without reference to the form in which the remedy must be sought. In the later case of *Hayden* v. *Vreeland,* 37 *Id.* 372, the word "trespass" was also construed and it was held that word did not include an action for breach of promise. Mr. Justice Van Syckle wrote the opinion in

that case and quoted with approval (at *p.* 374), the remarks of Lord Mansfield: "If it is a sort of injury by which the offender acquires no gain to himself at the expense of the sufferer, the person injured has only a reparation for the *delictum* in damages to be assessed by a jury, but where, besides the crime, property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor. As, for instances, the executor shall not be chargeable for the injury done by his testator in cutting down another man's trees, but for the benefit arising to his testator for the value, or sale of the trees, he shall.

"So far as the tort itself goes, the executor shall not be liable; but so far as the act of the offender is beneficial, the executor is answerable."

According to this case the distinction seems to lie between causes of action which effect only the person and those which effect the estate where the representatives of the defendant acquire some property or value by reason of the act complained of. In the case of *Tichenor* v. *Hayes,* 41 *N. J. L.* 193, involving an action in tort for negligence and deceit against a lawyer, Chief Justice Beasley, writing the opinion (at *p.* 199), has this to say:

"By ascribing to the term 'trespass' the signification of tort, or wrong, and which is one of its meanings, the remedy is made approximately commensurate with the evil to be eradicated, and in this way actions for deceits and neglects will survive, as well as those in which the loss follows immediately from the tortious act."

In the case of *Noice, Administrator,* v. *Brown,* 39 *N. J. L.* 569, which involves an action for seduction of a daughter in the lifetime of her father, it was held:

"The description 'torts to the person and torts to property, real and personal,' is sufficiently comprehensive to embrace every possible injury that does not arise out of contract, unless injuries to the persons are narrowed by construction to signify injuries to the body.

"The offenses of seduction and libel, where no special damages are laid, are, obviously, strictly personal, being remedies,

mainly for wounded feelings. Feeling being as much a part of the person as the physical frame, no reason appears why an injury to the former is not as much a tort to the person as an assault would be.

"The wrong is a two-fold character, wounding the person in his feelings, and affecting his property rights, resting, as it does, on the technical ground that, by the injury, he lost a service of some pecuniary value. The loss of the service would affect the estate in the hands of the personal representative and should give equal support to an action by him. The damages being partly punitive, the action should survive, on the ground of public policy, that the punishment may fall on the wrong-doer. The case is within the language and also within the spirit of the act."

In the case of *Alpaugh* v. *Conkling,* 88 *N. J. L.* 64; 95 *Atl. Rep.* 618, it was held that under section 5 of the Executors and Administrators act, "a right of action for libel or slander does not survive as against the personal representatives of the tort feasor in the absence of any special damage to property rights."

A recent case in the Hudson County Circuit Court pertaining to this question is the case of *Meyer* v. *Peter,* 9 *N. J. Mis. R.* 1309; 157 *Atl. Rep.* 250. This was a case involving malicious prosecution and the conclusion of the court was that in the absence of special damage to property rights the action would abate. From the cases cited it is reasonable to conclude that the word, "trespass," while including the word "tort," does so in a limited sense in so far as actions do or do not abate under the statute referred to. In cases where the action survives the word "tort" should be construed as meaning only those cases where there is a property loss or damage to property rights.

The next question that presents itself is whether the instant case is one of this character, that is to say, was there damage to property rights and if so has it been pleaded? The claim for loss of affections, comfort and society does not survive. The complaint, however, further charges a loss of aid and consortium of the wife. Loss of services as well as society

and affection is included in the legal meaning of the loss of consortium. 12 *C. J.* 532. In the vase of *Noice, Administrator,* v. *Brown, supra,* the loss of services was held to be within the letter and spirit of the act. The loss of services of a wife to her husband brought about through the alienation of a third party affects the property rights of the husband and is within the letter and spirit of the act.

There is pleaded in the complaint in this case damages arising out of an invasion of the property rights. The application to suggest the death of the defendant upon the record and to substitute as party defendant his executrix, Anna Fricke, will be granted.