FERDINAND GREGORY, ADMINISTRATOR AD PROSE-
QUENDUM OF THE ESTATE OF ELLA ANN GREGORY,
DECEASED, AND FERDINAND GREGORY, INDIVIDU-
ALLY, PLAINTIFFS, v. LOUIS HARRIS, I. EZRA NEW-
MARK, HARRY HARRIS AND STEPHEN CHAPMAN, DE-
FENDANTS.

Decided November 28, 1933.

For the motion, *Harry Silverstein.*

Opposed, *George W. Gregory.*

LAWRENCE, S. C. C.   This is a motion to strike count 1 of
the complaint in this suit on the ground, first, that it is multi-
farious; second, that it sets forth no cause of action, and,
third, that it is so framed as to harass and hinder defendants
in filing a proper answer.   It is also suggested that it is
frivolous.

The gravamen of the count as drawn appears to be that on
the 21st day of July, 1933, the defendants Newmark and
Louis Harris sent their agents, servants or employes, includ-
ing defendants Harry Harris and Chapman, to the premises
in Morristown occupied by Ferdinand Gregory, his wife, Ella
Ann Gregory, and their children, and that with great force
and arms they unlawfully broke and entered the dwelling
house, and after putting the occupants in terror and fear, by
threatening them with bodily harm, did, with great force and
violence grab hold of Ella Ann Gregory, who was at the time

convalescing from a severe illness and confined to her bed, and in no condition to be disturbed, all of which defendants knew, but notwithstanding pulled, jerked, snatched and pushed her from her sick bed, thereby compelling her to dress and leave the premises with the rest of the family. It is then alleged that the condition of Mrs. Gregory became steadily worse and her ailment was so aggravated that she subsequently died. The complaint further sets up that Gregory, the husband, has been and will be forever deprived of the conjugal relationship of his wife, as well as her society, comfort, assistance and association. A statement of the next of kin of Mrs. Gregory follows and it is alleged that they suffered a pecuniary loss by her death. The conclusion of the count is that because of the circumstances an action has accrued to the plaintiff as administrator *ad prosequendum* of the estate of his wife, and that the suit was commenced within twenty-four calendar months of her death.

A second count setting up that defendants unlawfully removed the furniture of the family from the premises in question and allowed the same to remain unprotected in the street, whereby it was damaged, appears not to be included in the motion to strike.

It seems obvious that the pleader has not stated a cause of action within the purview of the Death act. The cause of Mrs. Gregory's death is given as pernicious anemia and it is stated that it was brought on by reason of the acts and conduct of defendants in violently ejecting her from the premises while she was still ill and confined to her bed. In other words, the commission of a trespass to her person is charged with physical consequences of a serious nature to Mrs. Gregory. The count under criticism comprehends two causes of action, neither of which can be brought within the provisions of the Death act. First the trespass to the person of Mrs. Gregory, in her lifetime, which would have survived to the general administrator of her estate; and, second, an individual claim of Mr. Gregory for the loss of consortium and the services of his wife in his household, are set forth. See *Meyer* v. *Peter,* 9 *N. J. Mis. R.* 1309; 157 *Atl. Rep.* 250, and *Souvay* v. *Fricke,* 11 *N. J. Mis. R.* 882, for a general dis-

cussion of the subject of abatement and survival, under the statutes.

Count 1 in the complaint will accordingly be stricken as not stating a cause of action at the suit of the plaintiff administrator *ad prosequendum,* without prejudice to the institution of new suits by the general administrator of the estate of Mrs. Gregory and one based on the alleged individual claim of the husband. The causes of action can, of course, be combined by appropriate pleading in one suit, which may also include count two in the present complaint if desired.