Barbara PATRICK, John Patrick, Caroll Patrick, and Robert Patrick, minors, by their guardian ad litem, Alice Patrick, and Alice Patrick, individually and as Administratrix of the Estate of Francis J. Patrick, deceased, Plaintiffs,

v.

ESSO STANDARD OIL COMPANY, Defendant.

Civ. A. No. 577–57.

United States District Court
D. New Jersey.

Nov. 1, 1957.

Bracken & Walsh, Newark, N. J., by John J. Bracken, Newark, N. J., for plaintiffs.

Stryker, Tams & Horner, Newark, N. J., by William L. Dill, Jr., Newark, N. J., for defendant.

WORTENDYKE, District Judge.

This is a diversity action. Plaintiffs are residents of New Jersey, and defendant is a corporation of the State of Delaware, licensed to do business in the State of New Jersey. The plaintiffs Barbara, John, Caroll and Robert Patrick are surviving minor children, and the plaintiff Alice Patrick, in her individual capacity, is the surviving widow of Francis J. Patrick, deceased. Alice Patrick also sues as administratrix of the estate of said decedent. Defendant was the employer of decedent in his lifetime, until a date several months prior to his death.

Defendant has moved to strike the complaint and each of the four counts thereof, upon the asserted general ground that each of said counts fails to state a claim upon which relief can be granted, and invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C. Plaintiffs present a counter-motion for leave to permit the inspection and copying of certain documents embodying references concerning decedent, given by the defendant to potential employers of decedent after his discharge from defendant's employ.

Upon the first count of the complaint all of the plaintiffs seek damages for an alleged wrongful discharge of the decedent from his employment by defendant. This discharge they allege was contrary to the provisions of a collective bargaining contract (to which the employer and the union of which the decedent was a member were parties), and without just cause. By reason of this discharge it is claimed that decedent was deprived of his livelihood, was rendered jobless, and was unable to secure employment for the support of the plaintiffs for the remainder of his natural life.

The second count incorporates by reference the allegations of the first count respecting wrongful discharge, and it further alleges that the defendant maliciously caused decedent to be brought before the police under threat of arrest, indictment and conviction, thereby damaging his reputation and rendering him unable to secure employment for his own support and that of the plaintiffs.

The third count incorporates by reference the same allegations of the first count as were similarly incorporated in the second count, and further charges that, following decedent's discharge, defendant, in answer to inquiries from prospective employers of the decedent, made false and malicious defamatory statements respecting decedent; thereby preventing him from securing employment and damaging his reputation, with consequent inability to support himself and the plaintiffs.

In the fourth count, the factual allegations of the preceding counts are incorporated by reference and it is alleged that in consequence thereof each of the plaintiffs has sustained damage to his reputation to the extent of $10,000. The ad damnum clause in each count demands $50,000, but punitive damages are not expressly sought.

Defendant's motion to strike is grounded upon the following contentions:

(1) None of the plaintiffs, as an individual, may recover upon the allegations of any of the counts;

(2) The exclusive remedy for the breach, if any, of the employment agreement between the decedent and the defendant is that of arbitration as prescribed in Article XIV of the portion of the Collective Bargaining Agreement which is annexed to the complaint as Exhibit A;

(3) The alleged causes of action set forth in the second, third and fourth counts, because they sound in defamation, are barred by the New Jersey Statute of Limitations (N.J.S. 2A:14–3, N.J.S.A.); and

(4) The causes of action sounding in defamation, embodied in the second, third and fourth counts, have not been pleaded *in haec verbis* and, in any event, did not survive the death of decedent.

■■ At the outset we must bear in mind that under Rule 8(a)(2) of the Rules of Civil Procedure a complaint need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Further, upon a motion, under Rule 12(b)(6) of the same Rules, to dismiss a complaint for failure to state a claim upon which relief can be granted, the pleading attacked must be liberally construed in a light most favorable to the plaintiff, and all doubts on the face of the pleading must be resolved in the plaintiff's favor. Therefore, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Seymour v. Union News Company, 7 Cir., 1954, 217 F.2d 168; Tobin v. Chambers Construction Co., D.C.Neb.1952, 15 F.R.D. 47; 2 Moore's Federal Practice, 2d Ed., 2245. Keeping the foregoing principles in mind, we proceed to an examination of the successive counts of the complaint to which the defendant's motion is addressed.

■■ The first count charges that the decedent was unlawfully or improperly discharged from his employment by the defendant and that in consequence of such discharge he, the decedent, "was deprived of his livelihood; was rendered jobless and unable to secure work for the support of plaintiffs during the remainder of his natural life." In such circumstances, a cause of action accrues for damages resulting from the breach of the employment contract. Miller & Sons Bakery Co. v. Selikowitz, App.Div.1950, 8 N.J.Super. 118, 73 A.2d 607. It is obvious that such cause of action as accrued to the decedent by reason of his discharge was personal to him and not to his wife or children. If his discharge was in violation of his contractual rights, there is no allegation or basis for inference that such contract was made for the benefit of anyone other than the decedent —certainly not for the benefit of his wife or children. Therefore, none of the plaintiffs, in their individual capacities, may recover upon the allegations of the first count, and, as to them, that count must be dismissed.

■■ Defendant also contends that plaintiff administratrix may not maintain the cause of action set forth in the first count of the complaint because the provisions of Article XIV of the Collective Bargaining Agreement either limited the decedent to his remedy by arbitration or, in any event, precluded his right to seek judicial relief unless and until he had first exhausted his contractual arbitral remedy. Defendant argues, therefore, that the plaintiff administratrix would have no right to maintain the cause of action set forth in the first count. With this contention I must disagree. The cause of action alleged in the first count of the complaint in this case charges a breach of the contract between decedent's employer and his Union, and it is the law of New Jersey that, despite the provisions of such a contract, the discharged employee may treat his discharge as final and seek damages at law without either invoking the contractual remedy by arbitration or exhausting all of the stages of relief which the contract may provide. Anderson v. Odd Fellows Hall, E. & A. 1914, 86 N.J.L. 271, 90 A. 1007. See, also, McKeeby v. Arthur, 1951, 7 N.J. 174, 81 A.2d 1. The defendant's reference to Article XIV apparently

focuses on sections 3 and 4 thereof. In neither of these sections do I find language which conclusively deprives the alleged wrongfully discharged employee of the right to seek damages upon that ground, where, as is alleged in the first count of the complaint, the discharge was not only contrary to the provisions of the contract, but unjust, illegal, unwarranted by the facts, and without just cause and proper advance hearing.

If defendant contends that the Collective Bargaining Agreement has prescribed the exclusive remedy for a wrongfully discharged employee, that would be a matter to be affirmatively pleaded by the defendant in its answer. I conclude, therefore, that the first count of the complaint embodies a sufficient statement of a claim showing that the plaintiff administratrix may be entitled to relief against the defendant, and, therefore, that the motion to strike the first count, insofar as the administratrix is concerned, must be denied.

 As already indicated, the allegations of the first count of the complaint are incorporated by reference in the second and third counts respectively. To these allegations the second count adds the charge that defendant maliciously caused plaintiffs' decedent to be brought before the police "under threat of arrest, indictment and conviction" and it is claimed that decedent's reputation was damaged in consequence thereof. What has been said with respect to the first count, to the effect that any cause of action stated therein resides only in decedent's administratrix, applies equally to the second count of the complaint. Although the second count alleges that plaintiffs' decedent sustained damage to his reputation, in consequence of the acts and statements of the defendant, I discern nothing in the language of the second count from which a cause of action for libel or slander may be inferred. At most, this count charges that the defendant caused decedent to be brought before the police. This allegation standing alone might be susceptible of construction as a charge of false arrest, but

the phrase "under threat of arrest" would seem to negative the actuality of the arrest. The New Jersey Courts have clearly drawn a distinction between an action for malicious prosecution and one for false imprisonment. The use of physical force is not altogether necessary to constitute false arrest. As was said in Earl v. Winne, 1953, 14 N.J. 119, 127, 101 A.2d 535, 539:

"The essential thing is the constraint of the person. This constraint may be caused by threats as well as by actionable force, and the threats may be by conduct or by words. If the words or conduct are such as to induce a reasonable apprehension of force and the means of coercion is at hand, a person may be as effectually restrained and deprived of liberty as by prison bars."

The same authority adds (14 N.J. at page 128, 101 A.2d at page 539):

"The gist of false imprisonment is merely unlawful detention without more. * * * False imprisonment is a wrong akin to the wrongs of assault and battery, and consists in imposing, by force or threats, unlawful restraint upon a man's freedom of locomotion. * * * The fundamental difference between an action for malicious prosecution and one for false imprisonment is that in the former the detention is malicious, but under the due forms of law, whereas in the latter the detention is without color of legal authority."

In the light of the foregoing definitions, the allegations of the second count are broad enough to support the admission of evidence tending to show either malicious prosecution or false arrest, but not a cause of action for libel or for slander. Therefore, the one year statute of limitations (N.J.S. 2A:14–3, N.J.S.A.) is not applicable.

 An action for malicious prosecution, however, is peculiarly directed to feeling and reputation, and is an action on the case which does not state a cause of action for " * * * trespass done

to the person or property real or personal, of their testator or intestate * * *" within the meaning of N.J.S. 2A:15–3, N.J.S.A., so that it abated upon the death of plaintiff administratrix's intestate. Meyer v. Peter, Cir.Ct. Hudson Co. 1932, 9 N.J.Misc. 1309, 157 A. 250. I conclude, therefore, that the second count sounds in trespass *vi et armis,* and states a cause of action for false imprisonment for which remedy is not barred by the applicable two-year statute of limitations. N.J.S. 2A:14–2, N.J.S.A. It has, therefore, survived to the plaintiff administratrix by virtue of N.J.S. 2A:15–3, N.J.S.A., but not to the other plaintiffs, individually, falling as it does within the general rule that a tort committed against one person furnishes no cause of action in favor of another. 52 Am.Jur. (Torts) § 95. As such, it does not abate, as would a cause of action for libel or slander, upon the death of the injured party. See, Alpaugh v. Conkling, 1915, 88 N.J.L. 64, 95 A. 618; and Palmisano v. News Syndicate Co., Inc., D.C.N.Y. 1955, 130 F.Supp. 17.

■■■■■ The third count contains allegations supportable by evidence tending to show a malicious interference by defendant with decedent's right of employment, as was the case in Strollo v. Jersey Central Power & Light Co., N.J.Sup.Ct. Monmouth Co., 1942, 26 A.2d 559, 20 N.J.Misc. 217 (which cites and follows Van Horn v. Van Horn, 1890, 52 N.J.L. 284, 20 A. 485, and Brennan v. United Hatters, 1906, 73 N.J.L. 729, 65 A. 165). It must be considered, therefore, as stating an action on the case and not an action for words. The critical question is whether the alleged unlawful interference involves a property right which survives to the administratrix under N.J.S. 2A:15–3, N.J.S.A., for the third count does not state a claim for which relief may be granted to the plaintiffs individually. Souvay v. Fricke, Cir.Ct. Hudson Co. 1933, 11 N.J.Misc. 882, 169 A. 33; Meyer v. Peter, supra. The right to pursue one's business, calling or occupation and to earn a livelihood free from undue interference or molestation is a property right and, therefore, unlawful interference with the exercise thereof gives rise to a claim which does not abate. U.S.Const. Amends. 5, 14; N.J.Const. Art. 1, par. 1; Lane Distributors, Inc., v. Tilton, 1951, 7 N.J. 349, 81 A.2d 786; Newark Hardware & Plumbing Co. v. Stove Mfrs. Corp., 1948, 136 N.J.L. 401, 56 A.2d 605, affirmed E. & A. 1948, 137 N.J.L. 612, 61 A.2d 240; Carroll v. Local No. 269, etc., Electrical Workers, 1943, 133 N.J.Eq. 144, 31 A.2d 223; Kamm, Inc., v. Flink, 1934, 113 N.J.L. 582, 175 A. 62; Van Horn v. Van Horn, supra. Being, as it is, an action on the case, for the interference with a property right, the exercise of which was allegedly unlawfully interfered with by defendant by use of false and malicious statements defaming decedent and injuring his feelings and reputation, the claim stated in the third count survived the death of plaintiffs' intestate. It may be asserted by the administratrix as a claim alleging a "tortious injury to the rights of another." N.J.S. 2A:14–1, N.J.S.A. In so holding, I am mindful that one of the reasons for sustaining a right of action to a living plaintiff in such circumstances was based upon the right of the individual to control his own affairs, free from unlawful molestation. What would result from a contrary holding is well expressed in Barr v. Essex Trades Council, 1894, 53 N.J.Eq. 101, at pages 113–114, 30 A. 881, at page 885, as follows:

"* * * freedom of business action lies at the foundation of all commercial and industrial enterprise—men are willing to embark capital, time, and experience therein, because they can confidently assume that they will be able to control their affairs according to their own ideas, when the same are not in conflict with law. If this privilege is denied them, if the courts cannot protect them from interference by those who are not interested with them, if the management of business is to be taken from the owner and assumed by, it may be, irresponsible strangers, then we will have come to

the time when capital will seek other than industrial channels for investments, when enterprise and development will be crippled, when interstate railroads, canals, and means of transportation will become dependent on the paternalism of the national government, and the factory and the workshop subject to the uncertain chances of co-operative systems."

In view of the conclusions hereinbefore set forth, the fourth count of the complaint, which apparently seeks damages in behalf of the individual plaintiffs, fails to set forth a cause of action which either accrued to those plaintiffs directly or devolved upon them by virtue of their relationship to the decedent, irrespective of any loss which may have been suffered by these individual plaintiffs as a consequence of the tort committed against the decedent.

I conclude, therefore, that as to counts one, two and three, which I have sustained on behalf of the plaintiff administratrix but dismissed as to the other plaintiffs individually, defendant may, of course, move for a more definite statement upon a proper showing under Rule 12(e) of the Federal Rules of Civil Procedure, and that remaining count four must be dismissed as to the administratrix as well as to all individual parties plaintiff.

With respect to plaintiffs' motion under Rule 34 of the Federal Rules of Civil Procedure for leave to permit the inspection and copying of certain documents embodying references concerning decedent, it must be denied, not only because plaintiffs have not shown good cause therefor, in that these alleged documents are not affirmatively shown to be in the defendant's possession, custody or control, but also because defendant has presented to this Court an affidavit, which is uncontradicted by plaintiffs by way of counter-affidavit or otherwise, to the effect that no inquiry concerning decedent was ever made by any potential employer of decedent, no communication was ever transmitted by defendant to any such potential employer and defendant has no communications or other writings concerning decedent here sought by plaintiffs. Stewart-Warner Corp. v. Staley, D.C.Pa.1945, 4 F.R.D. 333. Further, plaintiffs concede, by counsel's letter to this Court, that responsive to their inquiries, defendant has stated that it has no such statements in its possession or control. It is, therefore, unnecessary, in deciding the propriety of plaintiffs' motion, to determine whether such statements as might exist would be privileged. Plaintiffs' motion is denied.

An order may be submitted in conformity with this opinion.