137 N.J. Super. 320 (1975)
349 A.2d 79
FELIX RODRIGUEZ, T/A SPANISH-AMERICAN GROCERY, PLAINTIFF-APPELLANT,
v.
THE HOME NEWS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 5, 1975.
Decided November 24, 1975.
*321 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Zeitler and Torricelli, attorneys for appellant (Mr. Richard J. Zeitler, of counsel and on the brief).
*322 Messrs. Yauch, Peterpaul & Clark, attorneys for respondent (Mr. John H. Yauch, Jr., on the brief).
PER CURIAM.
Plaintiff appeals from an order granting defendant's motion for summary judgment on the ground that the applicable period of limitations had expired prior to institution of the present cause. The facts as recited in plaintiff's complaint, and those facts, reflected as undisputed in the briefs of the parties, will be taken as true for purposes of this appeal.
On February 2, 1973 the Home News, a local newspaper in the Middlesex County area, defendant herein, caused to be published in its newspaper an article which stated that the store known as the Spanish-American Grocery, operated by plaintiff, Felix Rodriguez, was in a grossly unsanitary condition, and was closed until a state inspection determined that it was in compliance with state sanitation requirements. This statement was in error. Defendant had intended to make this statement about another grocery store bearing a similar name and the error was allegedly due to inaccurate and negligent reporting. Upon discovering its error defendant printed a retraction of the article making it known that it had named the wrong store in the article.
Plaintiff's complaint, filed May 31, 1974, approximately 15 months after publication of the defamatory article, was in two counts. The first count recited plaintiff's ownership of the grocery store in question, the identity of the defendant as owner and publisher of the newspaper containing the defamatory article, and the fact that on February 2, 1973 defendant "negligently and carelessly wrote and published or caused to be written and published in said newspaper certain articles and charges which were false concerning the plaintiff's place of business." As a result of the "negligent, and incorrect articles published by defendant," plaintiff claimed injury to his "good name, fame and credit, sustained loss of customers, his place of business sustained *323 physical damage, and the plaintiff was attacked and beaten." Damages were sought.
In the second count plaintiff recited the same preliminary allegations concerning defendant's identity as owner and publisher of a newspaper, quoted in full the defamatory article which was "falsely and maliciously" published on February 2, 1973, alleged the fact of error and defendant's acknowledgment thereof in a printed retraction published on the following day. As a result of the publication of the defamatory statement, "wilfully and maliciously made" by defendant, plaintiff alleged injury to "his good name, fame and credit," was brought into public disgrace and infamy amongst his neighbors and in his community, and as further damages alleged financial loss in his business, loss of customers and physical damage to his place of business including broken windows and fixtures.
Plaintiff does not dispute the propriety of the dismissal of the second count of the complaint as being barred by the one-year period of limitations governing actions for libel and slander contained in N.J.S.A. 2A:14-3. That count concededly set forth a claim based upon a libel, and since filed well over one year following publication of the defamatory article it was clearly barred. Plaintiff, however, takes issue with the dismissal of the first count of his complaint which, he asserts, sets forth a claim for negligence and not for libel or slander. In support of his contention he refers to those allegations of the first count which characterize publication of the defamatory article as being "negligently and carelessly" made. Plaintiff apparently takes the position that if a libelous or slanderous utterance is maliciously published, suit for damages resulting therefrom must be brought within one year; if, however, the publication is the result of negligence, the one-year period does not bar the claim.
The mere statement of this proposition urged upon this court constitutes its best refutation. First, the bar of N.J.S.A. 2A:14-3 does not condition its applicability on the *324 quality of the act which results in publication of a defamatory statement. It provides, in unqualified terms:
Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander.
Whether the defamation was published intentionally and maliciously, on the one hand, or as a result of negligent or careless reporting on the other,[1] the bar of the statute nonetheless applies. Nothing in the statute suggests otherwise.
Second, plaintiff's proposition, if accepted, would provide greater protection to the more culpable offender. The intentional defamer achieves protection after one year; the less culpable, although negligent one, can be sued over a greater period of time. Such a position is consonant neither with common sense or simple considerations of justice.
Third, the cases relied upon by plaintiff are inapposite. In Strollo v. Jersey Central Power and Light Co., 20 N.J. Misc. 217, 26 A.2d 559 (Sup. Ct. 1942) the essential thrust of the complaint was defendants' alleged wrongful intent to maliciously cause plaintiff to lose his employment. Slander was the means employed to achieve their wrongful design. It was their malicious intent rather than their alleged slander which was the gravamen of their claim. In the present case it was the defamatory article which was the sole predicate of plaintiff's claim. No intent to injure plaintiff's business *325 is alleged; on the contrary, it is emphasized that the first count charges defendant only with negligence as to the information conveyed in the publication, promptly corrected when the error was discovered.
Similarly, in Patrick v. Esso Standard Oil Co., 156 F. Supp. 336 (D.C.N.J. 1957) the allegations tended to show "a malicious interference by defendant with decedent's right of employment." Id. at 341. It provides no support for the contention that negligent defamation is not barred by N.J.S.A. 2A:14-3.
Both counts of plaintiff's complaint sound in libel. Both seek damages to plaintiff's reputation, standing in the community, business loss and the like. The quality of the act which gave rise to the libelous utterance has no relevance to application of the period of limitations governing actions for libel and slander. On the record before the trial court, summary judgment was properly granted.
Affirmed.
NOTES
[1] We should not be understood as making comment upon the substantive validity of the claim for negligent defamation set forth in the first count. For a discussion as to current and evolving law concerning negligence as a basis for liability in defamation cases, see, e.g., Prosser, Law of Torts, (4 ed. 1971) § 113, pp. 774-776. It seems reasonably clear from the facts that defendant intended to publish the article in question; the error was in its contents. "The question * * * is not who was aimed at, but who was hit." Laudati v. Stea, 44 R.I. 303, 117 A. 422, 424 (Sup. Ct. 1922). Hence, although the first count sounds in negligence, it nonetheless, on its facts, sets forth a traditional cause of action for libel resulting from the intentional publication of an erroneous and hence defamatory report.