362

IN THE MATTER OF THE APPLICATION OF THE CALIFOR-
NIA LIMA BEAN GROWERS ASSOCIATION FOR AN OR-
DER DIRECTING SAMUEL MANKOWITZ, TRADING AS
HOUSE OF MANKOWITZ, TO PROCEED TO ARBI-
TRATION.

For the petitioner, *Furst & Furst.*

For the respondent, *William Greenfield.*

MOUNTAIN, J. The petitioner in this case seeks an order of this court directing the respondent to proceed with an alleged arbitration agreement.

The petitioner urges that a broker by the name of John B. Stratton, associated with M. W. Houck & Brother, of New York City, at the request of Samuel Mankowitz, trading as House of Mankowitz, took an order for one hundred bags choice R/c lima beans for the account of California Lima Bean Browers Association, subject to confirmation by it. The latter was received and a bought and sold note was sent to the seller, as well as to the purchaser of the beans. This bought and sold note is as follows:

"M. W. Houck & Bro., brokers, 100 Hudson street, New York, Sept. 25, 1930. Sold to House of Mankowitz, 656 Ogden street, Newark, N. J., for account of Calif. Lima Bean Growers Assn., Oxnard, Calif., 100 bags choice R/c lima beans.

"No. C-804. Terms: Reg. Calif. Lima Bean Cont. Shipping instructions: October 1-15th/30. Pack: 1930. Price: $9.30. Delivery f. o. b. steamers dock, Calif.

"Bought and Sold Notes executed by E. Date 9/26.

"All disputes arising hereunder shall be arbitrated before the Dried Fruit Assn. of N. Y. Seller guarantees goods to conform to National Pure Food Law. This memorandum shall be subordinate to more formal contract when and if such contract is executed. In the absence of such contract this memo represents the contract of the parties."

The note was not signed by the broker. The purchaser refused to execute the contract which followed the note, and declined to take delivery, alleging that he had made no contract with the broker.

1. It is insisted that the failure of the broker to sign this note is fatal. The statute is satisfied if the terms of the contract are in writing, and the names of the contracting parties appear, provided the broker had the authority to act. *Weyl, Zuckerman & Co.* v. *Schnell,* 96 *N. J. L.* 558; *Woodworth* v. *Champlin,* 23 *N. J. L. J.* 143. Thus a duly authorized broker may fill out a memorandum of the sale and if it contains the names of the buyer and seller, a description of the goods and the terms of the bargain, the case is brought within the statute.

2. The respondent, by his affidavit, alleges that it never retained the services of the broker. There can be no arbitration if the contract of submission is denied by one of the parties. Arbitrators derive their authority from the agreement. It would be anomalous to say that they have the power in a case like this to first decide if they are arbitrators before they proceed with an investigation of the matters supposedly submitted to them. There must be submission before arbitration.

3. Authority given an agent to buy beans does not give him authority to make a contract to submit to arbitration. Of course, it might be shown that there were previous dealings between the parties and that these dealings were in accordance with known usages in the trade. The habit of

dealing between the parties might be admitted as evidence of an extension of the ordinary reach of the authority. *Story Ag.*, § 98. The Arbitration act (*Pamph. L.* 1923, *p.* 291), provides that the judge hearing such application must be satisfied before it is granted that the making of the agreement or the failure to comply therewith is not in issue. If the making of the agreement or the default be in issue an order shall be made directing a summary trial thereof.

4. It has been urged that the court had no power under the Arbitration act to direct that matters in difference be submitted to an arbitrator or arbitrators residing in a foreign state. There can be no question but what the court has jurisdiction to do this if the parties have so agreed because the act reads that the judge "upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement.*"

5. In view of the fact that Samuel Mankowitz denies having dealt with John B. Stratton as his broker, that issue as well as the extent of the broker's authority, if any there was, should be determined by a summary trial as provided in section 3 of the Arbitration act. *Pamph. L.* 1923, *p.* 291.