The plaintiff, Sonotone Corporation, has moved for an interlocutory injunction to restrain defendant, *Page 484 
Marvin D. Hall, from violating the terms of a written agreement between the respective parties. There is no dispute as to the material facts.
The plaintiff is alleged to be one of the largest manufacturers, distributors and sellers of hearing aid instruments in the United States, under the name and trademark "Sonotone", with offices in New York, Boston and Chicago, employing upwards of 350 Sonotone dealers throughout the country, who are known as "consultant managers" or "district managers", and is alleged to have expended large sums of money in advertising and promoting its products. The defendant was employed by plaintiff as a district manager and later as a consultant manager, and maintained a "Sonotone" sales office in Elizabeth, New Jersey, from October, 1939 until December 15, 1948, when he voluntarily terminated his employment. His territory covered the County of Union, except certain designated municipalities.
A written contract of employment was entered into between the parties on March 1, 1948, which gave defendant the exclusive retail sales rights of the plaintiff's products and supplies in the designated territory. Paragraph 38 of the contract reads as follows:
"38. Upon the expiration or the termination of this contract from any cause whatsoever, Manager agrees that he will not engage directly or indirectly in the business of manufacturing and/or selling any products or devices of the kind or similar to the products or devices at such time being manufactured and sold by Manufacturer or in any way engage in competition with the Manufacturer or any agents or Managers of the Manufacturer, either directly or indirectly as principal or as agent or employee, in the Territory and within an area extending fifty (50) miles on every side thereof, during a period of twelve (12) months from the date of termination or expiration."
Plaintiff's affidavits disclose that defendant since the termination of his employment has violated the foregoing provision of the contract, and defendant admits that he is engaged in selling hearing aids for Microtone Company, of Minneapolis, Minnesota, within the same territory in which he was employed by plaintiff, but he believes he has a right to do so on the ground that the restriction is too broad. He also asserts "I had nothing to say in the making of this contract and there were no *Page 485 
negotiations between me and the plaintiff as to the terms or any motivation of the terms." The latter contention does not constitute a defense. Fivey v. Penna. R.R. Co., 67 N.J.L. 627(E. A. 1902). Silbros, Inc. v. Solomon, 139 N.J. Eq. 528(Ch. 1947). Pilgrim Coat, Apron c. Inc. v. Krzywulak,141 N.J. Eq. 212 (Ch. 1948).
It is entirely settled in this state that a negative covenant ancillary to a contract of employment is valid and enforceable if it is reasonably limited in time, space and scope. Scherman v.Stern, 93 N.J. Eq. 626 (E. A. 1922). Ideal Laundry Co. v.Gugliemone, 107 N.J. Eq. 108 (E. A. 1930). Heuer v.Rubin, 142 N.J. Eq. 792 (Ch. 1948). As Vice-Chancellor Van Fleet said in considering an application to restrain a defendant from violating his contract in Sternberg v. O'Brien,48 N.J. Eq. 370 (Ch. 1891). "The test which the law prescribes in all such cases is this: The restraint, in order to be valid, must be only such as is necessary to afford a fair protection to the party in favor of whom it is given, and not so large as to interfere with the interest of the public."
In determining the validity of a covenant, consideration should be given to the nature of the product and the business of the employer. Irvington Varnish Co. v. Van Norde, 138 N.J. Eq. 99(E. A. 1945). In these days of modern transportation and communication, it would appear that with respect to a business of nation-wide scope, in the development of which large sums of money have been expended for advertising and good will, a covenant whereby the employee agrees not to engage in competitive employment for a period of one year within a radius of 50 miles is not to be held, on application for preliminary injunction, so unreasonable as to justify the Court withholding relief. If at final hearing it should be developed by proof that the territory encompassed is too extensive, it would then be appropriate to modify the injunctive relief.
Defendant refers to Paragraph 42 of the contract which reads as follows:
"This contract shall be governed by the laws of the State of New York, both as to interpretation and performance. Any difference, dispute or controversy arising between the parties with *Page 486 
respect to this contract or performance hereunder, shall be settled by arbitration in accordance with the provisions of the Arbitration Laws of the State of New York and the award rendered in such arbitration shall be enforceable in any court of competent jurisdiction."
Attorneys for both plaintiff and defendant have submitted copies of opinions rendered by New York courts in proceedings new pending between plaintiff and other employees who, it is alleged, have violated their agreements within that state. There does not seem to be any uniformity in the relief afforded by those courts, some judges imposing greater restraints than others. Assuredly, an arbitration provision of a contract should be observed by the parties as fully as any other provision. However, whether or not the subject of this litigation is a proper matter for arbitration within the meaning of the provision, the defendant should not, pending arbitration proceedings or final hearing, be permitted to violate his covenant. Accordingly, an interlocutory order of restraint, in the language of the covenant, will be entered.