This is an appeal by plaintiff Sonotone Corporation from an order of the Chancery Division *Page 328 
denying its application for preliminary injunction and staying proceedings pending arbitration.
The defendant Christopher G. Hayes was employed by the plaintiff as district manager from February 4, 1933, operating the plaintiff's sales office at 400 38th Street, Union City, New Jersey. On April 15, 1947, he entered into a written contract with the plaintiff, in the same form as that set forth in the companion case of Sonotone Corp. v. Ellis, 4 N.J. Super. 331
(App. Div. 1949). In addition, Hayes was appointed regional manager of plaintiff's North Jersey region supervising sales made by plaintiff's consultant managers appointed for its offices at 777 Bergen Avenue, Jersey City, and elsewhere.
On November 2, 1948, Hayes submitted his resignation to plaintiff, effective December 2, 1948. Under date of November 30, 1948, plaintiff wrote to Hayes advising that his resignation was not accepted but that he was discharged as an employee "in any and all capacities." Thereafter, Hayes began selling products of the Microtone Company, a competitor of plaintiff. Plaintiff alleges that Hayes has disclosed to his secretary, defendant Helen M. Dunn, and to defendant Thomas C. Mulligan, formerly employed by plaintiff in its office at 777 Bergen Avenue, Jersey City, plaintiff's confidential lists of users and prospective users and that they are soliciting plaintiff's customers. In his affidavit Hayes admitted that he is presently engaged in selling hearing aids manufactured by Microtone Company, denied that plaintiff's lists of users and prospective users constitute a trade secret, and asserted that he wishes to place himself on record "as requesting that the plaintiff submit the difference, dispute or controversy between us under the contract to arbitration in accordance with the provisions of the Arbitration Laws of the State of New York as provided for in Paragraph 42 of the said contract." The Chancery Division, after expressing the opinion that the parties had "bartered away their rights to relief in this court" by agreeing to settle their differences by arbitration, denied, on that ground, plaintiff's application for preliminary relief and stayed further action pending the entry of a judgment in accordance with the decision *Page 329 
of the arbitral tribunal. See Sonotone Corp. v. Hayes,2 N.J. Super. 407, 64 A.2d 249 (Ch. Div. 1949).
Before discussing the effect of the arbitration clause on the application for preliminary relief, we wish to comment briefly on the defendants' contention that the law of New York rather than the law of New Jersey should control. Much has been written on the subject of arbitration clauses and the conflict of laws. See 2 Beale, The Conflict of Laws (1935), p. 1245; Phillips,Arbitration and Conflicts of Laws: A Study of BenevolentCompulsion, 19 Corn. L.Q. 197 (1934); Lorenzen, CommercialArbitration — International and Interstate Aspects, 43 YaleL.J. 716 (1934). Despite suggestions to the contrary, state courts have, with rare exceptions, taken the view that arbitration agreements pertain to "remedy or procedure" and are to be governed by the lex fori rather than otherwise. SeeBeale, supra, and Meacham v. Jamestown F. C.R. Co.,211 N.Y. 346, 105 N.E. 653, 655 (Ct. of App. 1914), where Judge Cardozo said: "An agreement that all differences arising under a contract shall be submitted to arbitration relates to the law of remedies, and the law that governs remedies is the law of the forum." Cf. Jaqui v. Benjamin, 80 N.J.L. 10 (Sup. Ct.
1910). In the light of the foregoing, we incline strongly to the view that the law of New Jersey is controlling; in any event, we are not aware of any New York decision which conflicts with our views as to the principles applicable under the particular circumstances presented to the Chancery Division.
The affidavits disclosed that the employment of Hayes was terminated by December, 1948; immediately thereafter, and in admitted violation of the terms of his restrictive agreement, he proceeded to sell hearing devices for plaintiff's competitor and to solicit plaintiff's customers; at that stage he made no request for arbitration and in so far as it then appeared to plaintiff there was no dispute between the parties for arbitration. Thereafter, plaintiff filed its complaint and moved for preliminary injunctive relief before the Chancery Division on January 21, 1949. Although the affidavit by Hayes referred to the arbitration clause he at no time instituted any *Page 330 
independent proceedings for arbitration either in New York or in New Jersey. Instead, he continued his open violation of the terms of the contract and then, after plaintiff sought preliminary injunctive relief, raised legal contentions as to the validity of the contract and the plaintiff's right to proceed without arbitration. It appears to us that, under the circumstances, preliminary injunctive relief, affording immediate protection against otherwise irreparable injury, should have been available in the Chancery Division notwithstanding the arbitration clause. See American Ice Co. v. Lynch, 74 N.J. Eq. 298, 300 (Ch.
1908); Sonotone Corp. v. Hall, 2 N.J. Super. 482,64 A.2d 473 (Ch. Div. 1949); Sonotone Corp. v. Ellis, 2 N.J. Super. 419, 64 A.2d 255 (Ch. Div. 1949). Such relief would in nowise disable Hayes from proceeding with arbitration. In the meantime, he should not be permitted to disregard his express undertaking and cause damage to plaintiff which cannot be undone. Perhaps the parties could validly have declared arbitration to be a condition precedent to the institution of judicial proceedings for preliminary injunctive relief or otherwise; however, the arbitration clause in the instant case is not so broadly stated and no reason appears for giving it such sweeping construction. See Anderson v. Odd Fellows Hall, 86 N.J.L. 271, 273 (E. A. 1914). Cf. Marchant v. Mead-Morrison Mfg. Co., 252 N.Y. 284, 169 N.E. 386 (Ct. of App. 1929); appeal dismissed,282 U.S. 808, 75 L.Ed. 725 (1930).
We have concluded that the Chancery Division erred in its determination that the arbitration clause precluded plaintiff's application for injunctive relief and that its order must be reversed. Since it did not pass on other issues presented we shall not discuss them except by reference to our opinion inSonotone Corp. v. Ellis, supra.
The order of the Chancery Division is reversed. *Page 331