This is an appeal by plaintiff Sonotone Corporation from that part of an order which granted its application for preliminary injunction but limited its scope.
The plaintiff manufactures hearing aid devices and has branch offices in New York, Chicago and Boston. It has upwards of 350 Sonotone dealer offices operated by employees who are known as consultant managers or district managers and who receive commissions on their sales of instruments. By written contract dated April 15, 1947, it employed defendant William Ellis as a consultant manager with exclusive retail sales rights in certain municipalities in Bergen, Passaic, *Page 333 
and Morris Counties, designated as the defendant's "Territory." At the time of the execution of the contract, the plaintiff granted permission to Ellis to use the trade name "Sonotone of Paterson," to occupy the office at 115 Market Street, Paterson, New Jersey, theretofore maintained by it, and to use the telephone number at that office. By amendment of the contract the territory was enlarged to include additional municipalities in Bergen and Passaic Counties and several municipalities in Essex County.
Under his contract, Ellis was strictly confined to his own territory. Thus, paragraph 1 provided that he "shall limit his activities" to his territory and shall refer to the plaintiff all inquiries received by him outside his territory. In turn, the plaintiff undertook to refer to him all inquiries for its products received from within his territory. Under paragraph 27, he was required to maintain "records of prospects and users" of Sonotone products and to communicate to the plaintiff complete information thereof. Under paragraph 36, he was required to deliver to plaintiff the "prospects and users file" upon the expiration or termination of his employment contract. Plaintiff alleges that the user lists are of inestimable value to it and constitute one of its trade secrets.
Paragraph 38 of the contract provided that upon its expiration or termination the manager would not engage directly or indirectly in the business of selling hearing devices "in the Territory and within an area extending fifty (50) miles on every side thereof, during a period of twelve (12) months from the date of termination or expiration." Paragraph 42 provided that the contract shall be governed by the laws of the State of New York, as to interpretation and performance and that any difference, dispute or controversy with respect to the contract or performance thereunder "shall be settled by arbitration in accordance with the provisions of the Arbitration Laws of the State of New York and the award rendered in such arbitration shall be enforceable in any court of competent jurisdiction." Paragraph 35 provided that the manager shall have the right to terminate the contract upon thirty days notice to the plaintiff. *Page 334 
Ellis continued in plaintiff's employ until his resignation, effective December 6, 1948. Immediately thereafter he and his employee, the defendant Bertha MacLean, began selling hearing devices for the Microtone Company, a competitor of the plaintiff. They occupy the same office and use the same telephone number and plaintiff alleges that they are using its confidential lists of users and prospects and are soliciting business from its customers. In an answering affidavit Ellis stated that he wished to place himself on record as requesting that the plaintiff submit the dispute between them to arbitration in accordance with the provisions of paragraph 42. The Chancery Division expressed the opinion that those provisions were inapplicable since there had been an admitted violation of the "covenant of the contract as a result of which the plaintiff is threatened with irreparable injury" and is entitled to protection pending final hearing. SeeSonotone Corp. v. Ellis, 2 N.J. Super. 419, 64 A.2d 255,257 (Ch. Div. 1949).
Accordingly, the Chancery Division restrained Ellis from engaging in competing business within the "Territory" which had been assigned to him under his contract and restrained Ellis and Bertha MacLean from using the plaintiff's prospects and user lists and from soliciting the plaintiff's customers. It reserved for final hearing plaintiff's application for other relief, including its request that the defendants be restrained from using the office at 115 Market Street, Paterson, and be compelled to transfer its telephone number to plaintiff. It denied plaintiff's application in so far as it sought to restrain Ellis from engaging in a competing business within the area extending fifty miles on every side of the territory assigned to him, and plaintiff's appeal is from this action. The defendants have not appealed and the only issue before us is whether the preliminary restraint against Ellis should be enlarged, as plaintiff seeks, to include the fifty mile area outside the territory assigned to him.
It is settled that a restrictive covenant by an employee not to compete, ancillary to his contract of employment and reasonable in terms, is not contrary to our public policy and will be enforced. Sarco Co. of New Jersey v. Gulliver, 3 N.J. 641, *Page 335 644 (Ch. 1925); affirmed, 99 N.J. Eq. 432 (E. A. 1926). The restriction against the employee should be no greater than is reasonably required for the employer's protection and each case should be considered in the light of its own circumstances. See Credit Rating Service, Inc., v.Charlesworth, 126 N.J. Eq. 360, 365 (Ch. 1939).
Although the affidavits before the Chancery Division indicated that the plaintiff was in danger of injury because of the continuance of the activities of Ellis within the territory theretofore assigned to him, there was no evidence of any present or prospective danger in the fifty mile area outside the territory. Upon such limited proof the Chancery Division properly confined the preliminary relief of the plaintiff to the territory. A showing of threatened danger outside the territory might have called for further consideration of the validity of the restrictive covenant in its entirety; however, since there was no such showing, there was no need, upon the preliminary application, for going beyond the determination that the restrictive covenant, in so far as it related to the territory, was presumably valid and warranted the interlocutory restraint entered. The ultimate determination as to whether the policy of our law requires the striking down of any part of the restriction embodied in paragraph 38 of the contract should properly await full presentation at final hearing. Cf. Sarco Co. of New Jerseyv. Gulliver, supra; A. Fink Sons, Inc., v. Goldberg,101 N.J. Eq. 644 (Ch. 1927); Voices, Inc., v. Metal Tone Mfg. Co.,Inc., 119 N.J. Eq. 324 (Ch. 1936); affirmed, 120 N.J. Eq. 618
(E. A. 1936). See Sonotone Corp. v. Hall,2 N.J. Super. 482, 64 A.2d 473, 474 (Ch. Div. 1949).
We have assumed, without deciding, as contended by the plaintiff and as determined by the Chancery Division, that New Jersey rather than New York law controls the extent of the enforceability within this State of the restrictive agreement in paragraph 38. We might note, however, that our examination of the New York decisions has not led us to question the propriety of the Chancery Division's preliminary restraint, even under New York law. Cf. Foster v. White, *Page 336 248 App. Div. 451, 290 N.Y. Supp. 394 (App. Div. 1936); affirmed, 273 N.Y. 596, 7 N.E.2d 710 (Ct. of App. 1937).
The order of the Chancery Division is affirmed.