14 N.J. Super. 348 (1951)
82 A.2d 455
DAVID ROSENTHAL, PLAINTIFF-APPELLANT,
v.
ABRAHAM BERMAN, AND OTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1951.
Decided June 25, 1951.
*349 Before Judges EASTWOOD, BIGELOW and SCHETTINO.
Mr. Joseph A. Weisman argued the cause for the appellant (Messrs. Ruback, Albach & Weisman, of counsel, and Mr. Morris M. Ravin, attorney).
Mr. Abram A. Lebson argued the cause for the respondents.
*350 The opinion of the court was delivered by BIGELOW, J.A.D.
The question is one of arbitration. Plaintiff and his wife sold a manufacturing business, of which they were the proprietors, to Berman and Braunstein, who are two of the defendants. As part of the consideration, the buyers agreed to continue the business at the old location for at least three years and to pay to plaintiff during the same period, 15 per cent of the net annual profits earned by them in that factory. Upon taking title, Berman and Braunstein organized a corporation, David Rosenthal, Inc., to which they transferred the business so purchased. After the expiration of the three years' period, the plaintiff began the present suit, in which he charged that David Rosenthal, Inc., in the conduct of its business, had large dealings with certain other corporations owned and controlled by Berman and Braunstein; that in these transactions, David Rosenthal, Inc., paid excessive prices for goods and services which it bought, and received unduly low prices for what it sold; that this course was pursued in order to reduce the apparent profits, 15 per cent of which were payable to plaintiff. In the action were joined as defendants, David Rosenthal, Inc., Berman and Braunstein and two of their corporations, A. & M. Clothes, Inc., and Berman & Braunstein, Inc. The relief sought is that the defendants account for 15 per cent of the profits made by them.
The contract between plaintiff and Berman and Braunstein contains the following paragraph:
"In the event any dispute of any kind should arise between the parties hereto concerning the construction of this agreement or the breach thereof, then and in that event, such dispute shall be submitted to a Board of Arbitration selected by the American Arbitration Association, which has its offices presently in the Rockefeller Building in the City of New York. The proceedings before said Board shall be governed by the rules and regulations of said Association, and the award and determination of said Board shall be binding and conclusive upon the parties hereto, and they herewith agree to abide thereby."
On motion, the Chancery Division gave summary judgment for the defendants, reciting that the court had "determined *351 that plaintiff's remedy is not by an accounting but by arbitration."
It will be noticed that the contract does not say that no action shall be brought until there has been an arbitration; or that an action can only be brought for a sum to be fixed by arbitrators. In the absence of a covenant of that nature, arbitration is not a condition precedent to the action at law and the agreement to arbitrate does not operate to deprive plaintiff of his right to resort to the courts established by the State. Anderson v. Odd Fellows' Hall, 86 N.J.L. 271 (E. & A. 1914). Restatement, Contracts, § 550. Our latest arbitration statute, enacted in 1923, R.S. 2:40-10 to 26, provides in section 14 for the stay of an action brought upon an issue "referrable to arbitration." But there is no basis here or elsewhere, so far as we are aware, for a dismissal of the action. Clearly, the judgment was erroneous.
Plaintiff goes further and argues that even a stay would be erroneous because the statute, so he contends, is not applicable. A number of the statutory provisions indicate that the Legislature had in mind an agreement for an arbitration proceeding to be conducted within our borders and not elsewhere. While there is a conflict among the reported decisions, well-considered cases hold that statutes more or less similar to ours are applicable, although the arbitration agreed upon was to be held in a foreign jurisdiction. Law v. Garrett, L.R. (1878) 8 Ch. Div. 26 (C.A.); Nippon Ki-Ito Kaisha v. Ewing-Thomas Corp., 170 A. 286, 93 A.L.R. 1067 (Pa. 1934). And the late Judge Mountain so held in California Lima Bean, etc., v. Mankowitz, 9 N.J. Misc. 362 (Circ. Ct. 1931). We adopt the same view. We are skeptical, however, that the contract requires the arbitration proceeding to be conducted in New York.
Plaintiff also points out that only two of the five defendants are parties to the contract and that the others (except perhaps David Rosenthal, Inc.) would not be bound by any arbitration award. Louis Michel, Inc., v. Whitecourt Con. Co., 189 N.E. 767 (N.Y. 1934). Furthermore, plaintiff has not *352 agreed to arbitrate with them. Plaintiff's action cannot be stayed as against parties with whom he is not obligated to arbitrate. Under the English statute, if some of the parties to the action at law are outside the arbitration agreement and some are within, or if some of the issues in the action are beyond the agreement, the action at law will not be stayed as against any of the parties, at least where the issues and the relationships are closely intertwined. "It cannot be right to cut up this litigation into two actions, one to be tried before the arbitrator and the other to be tried elsewhere." Turnock v. Sartoris, L.R. (1889), 43 Ch. D. 150 (C.A.); Bonnin v. Neame, L.R. (1910), 1 Ch. D. 732. Cf. Fernandez v. Golodetz, 148 F.2d 625, 161 A.L.R. 1420 (2d Cir. 1945). We note that in England the stay is discretionary, while our statutory language is positive,  the court "shall stay the action." Yet the judge must have a considerable leeway in determining whether the situation presented to him is within the policy of the statute. Care must be taken to prevent a party who has agreed to arbitrate from avoiding his bargain by dragging in extraneous issues and unnecessary parties. On the other hand, a stay should not be granted as to any of the parties where the litigation cannot be severed without unduly increasing the cost of justice, or causing other hardship to the parties.
If a stay be granted, some question may arise as to its terms. The purpose of the stay is to permit the merits of the controversy to be determined by the arbitrators. It is not to prevent the court taking appropriate steps in aid of the arbitration. Thus, to avoid irreparable injury pending arbitration, an injunction is proper. Sonotone Corp. v. Hayes, 4 N.J. Super. 326 (App. Div. 1949). And, to preserve the subject matter, a receiver has been appointed. Plews v. Baker, L.R. (1873), 16 Eq. Cas. 564 (V.C.). And a refusal to vacate an attachment has been upheld. American Reserve Ins. Co. v. China Ins. Co., 79 N.E.2d 425 (N.Y. 1948). Likewise, in a proper case, it might be appropriate for the court to permit discovery proceedings in order that evidence *353 may be obtained for use in the arbitration. But as to this matter, we express no settled opinion.
The judgment will be reversed with directions to deny defendants' motion for summary judgment. No costs to either party.