61 N.J. Super. 278 (1960)
160 A.2d 505
PYRAMID ELECTRIC CO., PLAINTIFF-RESPONDENT,
v.
STANLEY J. STAKLINSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 1960.
Decided May 2, 1960.
*280 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. David M. Pindar argued the cause for appellant (Messrs. Stein & Engel, attorneys, Mr. David M. Pindar, of counsel).
Mr. Benjamin Gross argued the cause for respondent, (Messrs. Lynch, Lora & Milstein, attorneys, Mr. Benjamin Gross, of counsel).
The opinion of the court was delivered by HANEMAN, J.A.D.
This is an appeal by special leave of the Appellate Division from an order of the Law Division denying defendant's motion for a stay of plaintiff's action.
On November 1, 1954 plaintiff and defendant entered into a contract of employment which included the following condition:

"9. Arbitration
Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof."
Prior to the institution of this suit, plaintiff had attempted to discharge defendant from his position of employment, on the ground that defendant was physically and mentally unable to carry on his duties required under the above contract. The matter was thereupon voluntarily submitted to arbitration under the rules of the American Arbitration Association, as a result of which an award was made in favor of defendant. Thereafter, plaintiff filed the present action for breach of contract, asserting a default by defendant in a respect not raised in the proceeding before the arbitration board. Defendant first moved for a dismissal of plaintiff's action and, upon a denial of this motion, moved, inter alia, for a stay of the present action and for an order *281 directing the submission of the dispute involved in the complaint to arbitration. The trial court denied defendant's application for the stay; hence this appeal.
Plaintiff, citing Sonotone Corp. v. Hayes, 4 N.J. Super. 326 (App. Div. 1949); Rosenthal v. Berman, 14 N.J. Super. 348 (App. Div. 1951), and Coastal Oil Co. v. Eastern Tankers Seaways Corp., 29 N.J. Super. 565 (App. Div. 1954), argues that "unless an arbitration clause in a contract makes arbitration a condition precedent either party may bring a suit upon the contract without first resorting to arbitration," (emphasis supplied), and that as such an express covenant was here absent, defendant was not entitled to an order enjoining plaintiff's suit.
Subsequent to the appeal herein, Judge Kilkenny rendered an opinion in Shribman v. Miller, 60 N.J. Super. 182 (Ch. Div. 1960), in which he had before him the identical question here posed. He therein concluded that where there was a provision in a contract calling for submission of disputes thereunder to arbitration, and an action was instituted for breach of the contract without first resorting to arbitration, the defendant might ask the court to stay the action, as provided for by the statute, even though the contract did not expressly state that resort to arbitration was a condition precedent to an action in the courts. He distinguished the cases cited above on the basis that those decisions merely declined to dismiss an action where the contract failed to make fulfillment of the arbitration a condition precedent to court action, and found that they were not authority to justify a refusal to stay an action brought in disregard of an arbitration provision. The holding was that the 1923 statute (L. 1923, c. 134, N.J.S. 2A:24-1 et seq.) was designed to strengthen the enforceability of arbitration provisions in contracts, and that even if the contract providing for arbitration of disputes thereunder failed to make the execution of the arbitration a condition precedent for resort to the courts, a party sued on the contract in advance of arbitration might have the action stayed pending *282 arbitration. We are in agreement with that holding, and substantially for the reasons stated in Judge Kilkenny's reported opinion.
We would add this brief comment. Where the parties incorporate an arbitration clause in their agreement the courts will enforce a timely request by either party that the other be compelled to have the arbitrable question in dispute adjudicated by the arbitration process agreed upon, and refrain from substituting the judicial forum for the arbitrator as the adjudicator of such issues. To accomplish this result the contract need do no more than provide, in substance, that disputes arising thereunder shall be arbitrated. Special language of "condition precedent" is not necessary. But an arbitration clause does not operate to deprive the court of jurisdiction to render such ancillary, provisional, or protective relief (short of adjudication of the arbitrable issues) as is mentioned in the Shribman and Rosenthal cases, supra, unless the parties so expressly stipulate in the agreement.
In the present case the stipulation for arbitration of the disputed issue was clear and unequivocal. This action was brought by plaintiff not for provisional, protective or ancillary relief but to have the court adjudicate the disputed contract issue. But under N.J.S. 2A:24-1 the agreement for arbitration was enforceable and irrevocable; and under N.J.S. 2A:24-4 defendant had the right, upon satisfying the court that the disputed issue was arbitrable (as to which no question has been raised herein), to a stay of the action until arbitration should be had in accordance with the agreement.
The trial court erred in denying the motion for a stay.
Reversed.