115 N.J. Super. 219 (1971)
278 A.2d 547
MELVIN P. WINDSOR, INC., PLAINTIFF-APPELLANT,
v.
MAYFLOWER SAVINGS & LOAN ASSOCIATION, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1971.
Decided June 24, 1971.
*220 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Frank W. Hoak argued the cause for appellant (Messrs. Campbell & Campbell, attorneys).
Mr. Yale L. Apter argued the cause for respondent.
The opinion of the court was delivered by CARTON, J.A.D.
This action was brought to confirm an arbitration award against defendant. Plaintiff moved for summary judgment, and upon its denial prosecuted, with leave of court, this interlocutory appeal.
The order appealed from denying plaintiff's motion must be affirmed.
It is well settled that arbitration is looked upon favorably by the courts and that every intendment is indulged in favor of an award. Since the arbitrators were selected by mutual agreement of the parties to decide the facts and the law, "[j]udicial review of an award is extremely narrow, generally confined to matters of corruption or errors appearing on the fact of the award." Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178 (1963); Carpenter v. *221 Bloomer, 54 N.J. Super. 157 (App. Div. 1959); N.J.S.A. 2A:24-8 and 9.
In light of the scope of review, we perceive no basis upon which this award should be vacated with respect to defendant's objections that the award was not contained in one writing, that the signatures of a majority of the arbitrators were not on the award itself, and that the documents comprising the award were not delivered personally to defendant. Any error or omission in these respects did not reflect upon the decision itself and must be considered of a technical nature and therefore subject to correction. Cf. Palizzotto v. Local 641, 67 N.J. Super. 145, 150 (Ch. Div. 1961), aff'd o.b. 36 N.J. 294 (1962).
Contrary to defendant's assertion, the award was handed down within a reasonable time. As to their diligence, we conclude that the arbitrators substantially complied with the literal terms of the arbitration agreement.
Nor do we find merit in defendant's argument that a fact question is raised in that a letter sent by defendant's attorney, dated December 3, 1969, could reasonably be found to have been an implied recission of defendant's submission to arbitration.
However, we conclude that a question of fact has been raised as a result of defendant's contention that the arbitrator it appointed was effectively excluded from deliberations and participation in the ultimate award. It appears that the panel of arbitrators did not meet or confer after August 21, 1969, the date of their third and final meeting. The third, impartial arbitrator, appointed by the respective arbitrators chosen by plaintiff and defendant, alone prepared the decision and award. By way of affidavit, Handshuh claimed that:
* * * [T]here was never any meeting or discussion or conference held by the three arbitrators, nor was I consulted by these gentlemen as to my opinion. * * * I was never given the courtesy of discussing the contents of the award, nor did I ever waive my rights to deliberate with the other arbitrators and arrive at a decision. * * *
*222 Generally, a panel of arbitrators must mutually deliberate and reach a final determination and an award. This rule is enunciated in 6 C.J.S. Arbitration and Award § 67a at 206-207:
Inasmuch as the parties have the right to the presence and effect of the arguments, experience, and judgment of each arbitrator during the whole proceeding, it is, as a general rule, essential that there should be a unanimous participation by the arbitrators in the consultations and deliberations upon the award to be made. This is true although authority is conferred upon the arbitrators to make a majority award, either by the terms of the submission itself or by some special statutory provision or because the matter involved is one of public concern, for even where fewer than the whole number of arbitrators may make a valid award, they cannot do so without consulting the other arbitrators. However, the failure of one or a minority of a number of arbitrators to appear and act with the majority, after sufficient notice and reasonable opportunity therefor, constitutes, substantially, a dissent from the action of the majority which enable the latter to proceed, in the absence of such minority, to the rendition of a majority award in case a majority award has been authorized, unless unanimity of action is absolutely required, by statute, as a condition precedent to the exercise of authority. * * *
The arbitration agreement impliedly requires the arbitrators to confer for the purpose of making a final award. The state of the record leaves it unclear as to whether such mutual consultation ever took place.
We are not persuaded by plaintiff's argument that it conclusively appears as a fact that defendant expected no more than a decision by the third arbitrator, as an individual, to be joined in by one or both of the remaining arbitrators. It appears to us that a question of facts exists as to whether defendant waived the requirement of mutual deliberations among all three arbitrators.
The matter is remanded to the trial court for a trial limited to the two issues enumerated above. In the event of a determination that the arbitrators substantially complied with their responsibility to confer in the manner prescribed by the agreement or that there was a waiver of that requirement, judgment should be entered confirming the *223 arbitration award. In the event the finding is that the arbitrators breached their responsibility and that there was no waiver, the court should enter judgment requiring the arbitrators to meet forthwith and render an award in accordance with the provisions of the arbitration contract within a specified date.
Affirmed. No costs.