118 N.J. Super. 463 (1972)
288 A.2d 317
KINCAR FRANCHISE INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF,
v.
ESTATE OF THE LATE HAROLD CAREY, JACOB COHEN AND LOUIS DREZIN, EXECUTORS OF THE ESTATE OF THE LATE HAROLD CAREY, MILDRED CAREY, CAREY CHEVROLET, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND CAREY SYSTEMS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 28, 1972.
*464 Mr. S.M. Chris Franzblau and Mr. Gary L. Falkin appeared for plaintiff (Messrs. Beckerman, Franzblau and Cohen, attorneys).
*465 Mr. Edward J. Abromson, appeared for defendant Mildred Carey (Messrs. Abromson & Cummis, attorneys).
MILMED, J.S.C.
Cross-motions are before the court in this action, one by defendant Mildred Carey seeking to enjoin plaintiff from proceeding with arbitration of the dispute which is the subject of the litigation, and the other by plaintiff seeking to stay this action pending completion of the arbitration proceedings.
The facts are not in dispute. By its complaint filed May 7, 1971 plaintiff Kincar Franchise Inc., a New York corporation, successor to Kinney Car Corporation (Kinney), also a New York corporation, sought to recover from defendants the sum of $64,745.83 allegedly due for charges in connection with motor vehicles leased under a "License Agreement" of April 16, 1963 between Kinney and defendant Carey Chevrolet, with interest, costs and legal fees. The agreement, among other things, provided for Carey Chevrolet to be a licensee of Kinney in regard to the leasing of motor vehicles in an area of Hudson County designated in the agreement, the motor vehicles to be leased by Kinney to Carey Chevrolet at fixed monthly rentals.
The agreement, which by its terms is to be construed "in accordance with the Laws of the State of New York," sets forth in paragraph 31 the following:
Any controversy or dispute between the parties arising out of this Agreement or related thereto or to the breach or alleged breach thereof which cannot be settled amicably, shall be settled by arbitration in New York under the rules then obtaining of the American Arbitration Association, and such judgment shall be binding upon the parties hereto. Judgment may be entered upon the award made in such arbitration in any court of the State of New York having jurisdiction. The costs of such arbitration shall be borne equally by the parties.
By separate instruments designated "Guaranty," also dated April 16, 1963, defendant Mildred Carey and the late Harold Carey each guaranteed to Kinney punctual payment *466 by Carey Chevrolet of all sums due to Kinney under the license agreement and undertook to pay Kinney on demand any sum as to which Carey Chevrolet might be in default to Kinney under the terms of the license agreement, without requiring Kinney to first proceed against Carey Chevrolet or against any security Kinney might hold for the payment of such indebtedness. In and by the same respective instruments, each, as guarantor, further agreed that if Carey Chevrolet "shall at any time default in the performance of any terms or conditions contained in such Agreement, Guarantor will well and truly perform same, or pay any or all damages that may arise in consequence of the non-performance thereof, without requiring any proceedings to be taken against" Carey Chevrolet.
Defendants, other than Mildred Carey, have answered the complaint asserting, among other things, as a separate defense, that plaintiff is limited to arbitration in accordance with the terms of the agreement. Defendant Mildred Carey has not answered the complaint but applied for and obtained an order requiring plaintiff to furnish her with a more definite statement of its claim set forth in the complaint. Plaintiff, in partial response to the order, furnished defendant Mildred Carey with a statement of an accounting relating back to February 1, 1969 and has also filed in the cause a certificate by one of its former officers, in part indicating that records of Kinney Car Corp. have been misplaced. Plaintiff thereafter filed its demand, dated September 1, 1971 and amended October 5, 1971, for arbitration of the dispute which is the subject matter of this litigation. Defendant Mildred Carey seeks to enjoin arbitration, contending that plaintiff has elected its remedy by instituting this action and accordingly has waived its right to proceed with arbitration; that in any event she, Mrs. Carey, as guarantor under a separate instrument, is not a party to the license agreement and is not bound by the arbitration requirement therein, and, referring to the provisions of N.J.S.A. 2A:24-3, that she is entitled to a jury trial.
*467 I find no merit in any of these contentions. The pertinent provisions of the New Jersey, New York and Federal Arbitration Acts are substantially similar. Cf. N.J.S.A. 2A:24-3 and 2A:24-4; New York Civil Practice Law and Rules (CPLR) § 7503 and the Practice Commentary thereunder in 7B McKinney's Consolidated Laws of New York Annotated, Civil Practice Law and Rules, at 488; and 9 U.S.C.A. §§ 3 and 4; and see, Sonotone Corporation v. Hayes, 4 N.J. Super. 326 (App. Div. 1949), and Battle v. General Cellulose Co., 23 N.J. 538, 542-543 (1957).
N.J.S.A. 2A:24-3, referred to by the defendant Mildred Carey, provides that
Where a party is aggrieved by the failure, neglect or refusal of another to perform under a written agreement providing for arbitration, the superior court, or the county court of the county where either party resides, may in a summary action direct that the arbitration proceed in the manner provided for in the agreement. The party alleged to be in default may demand a jury trial as to the issue that there has been no agreement in writing for an arbitration or that there has been no failure to comply therewith. [Emphasis added].
The mere conclusion asserted on behalf of Mrs. Carey that she is not bound by the arbitration requirement of the license agreement  a conclusion which is diametrically opposed to her commitment set out in the guaranty she signed  cannot, standing alone, ripen into a jury question within the ambit of the statute.
In Finsilver, Still & Moss, Inc., v. Goldberg, Maas & Co., Inc., 253 N.Y. 382, 390, 171 N.E. 579, 581 (1930), Chief Judge Cardozo in his opinion for the Court of Appeals pointed out that
Two classes of parties are covered by the statute, those who stay out of the arbitration, and those who go in. A party to a controversy, informed by his adversary that there is to be a hearing by an arbitrator, may choose to stay out of the arbitration altogether. If he does, the statute is explicit in the protection of his rights. He may be heard by a court or judge in support of his contention that the arbitration is of no effect, in that he never bound himself to arbitrate, and may have the issues of fact, if any, submitted to a jury. [Emphasis added] *468 Here, neither the making of the license agreement or the execution of the guaranty instrument nor the validity or effectiveness of either is in issue. Accordingly, there is in this case no issue to be submitted to a jury pursuant to N.J.S.A. 2A:24-3. Cf. Goldberg v. Mackay, 107 N.J.L. 412 (Sup. Ct. 1931), aff'd o.b. 109 N.J.L. 264 (E. & A. 1932).
By the guaranty instrument of April 16, 1963 defendant Mildred Carey guaranteed, among other things and in precise terms, performance of the license agreement by Carey Chevrolet. This being so, the provisions of the license agreement, including its requirement for arbitration, are as much a part of the absolute guaranty instrument she signed as if they were set forth therein at length. Modern Brokerage Corp. v. Massachusetts Bonding & Ins. Co., 54 F. Supp. 939, 940 (D.C.S.D.N.Y., 1944), rearg. den., 56 F. Supp. 696 (D.C.S.D.N.Y., 1944). She is, accordingly, clearly bound by the requirement for arbitration.
It is well settled that arbitration is favored by the courts, that submission to arbitration is essentially a contract, that the parties are bound only to the extent of their contract and have a right to stand upon the precise terms thereof. [Public Utility Construction and Gas Appliance Workers, etc. v. Public Service Electric and Gas Co., 35 N.J. Super. 414, 419 (App. Div. 1955), certif. den. 19 N.J. 333 (1955)].
See also, Melvin P. Windsor, Inc., v. Mayflower S. & L. Ass'n, 115 N.J. Super. 219, 220 (App. Div. 1971), and 11 Williston on Contracts (3d ed. 1968), § 1420A.
As previously indicated, the respective answers filed by defendants other than Mildred Carey assert as a separate defense that plaintiff is limited to arbitration in accordance with the terms of the license agreement. And no prejudice is shown to have resulted to defendant Mildred Carey merely from the institution of this suit, and none is claimed. Under the circumstances plaintiff has not by the institution of this action waived its right to proceed with arbitration in accordance with the terms of the license agreement. See Shribman *469 v. Miller, 60 N.J. Super. 182, 195-197 (Ch. Div. 1960); Pyramid Electric Co. v. Staklinski, 61 N.J. Super. 278, 282 (App. Div. 1960), certif. den. 33 N.J. 117 (1960), and McKeeby v. Arthur, 7 N.J. 174, 182 (1951). Cf. Rosenthal v. Berman, 14 N.J. Super. 348 (App. Div. 1951), and Poray v. Royal Globe Ins. Co., 90 N.J. Super. 454 (Law Div. 1966).
In McKeeby v. Arthur, supra, Justice Case, writing for the court, noted that
When all parties to an agreement to arbitrate elect to prosecute their respective claims by actions at law, and institute and carry forward the course thus elected, the logical, indeed the necessary, result of that course is an abandonment of arbitration and a revocation of the agreement to pursue that form of adjudication. R.S. 2:40-10 (now N.J.S.A. 2A:24-1, in revised form), taken bodily from the New York statute, provides that a written agreement to submit to arbitration shall be irrevocable except upon such grounds as exist at law or in equity for the revocation of a contract; however the word "irrevocable" as there used has been construed by the New York Court of Appeals to mean that the agreement cannot be revoked at the will of one party to it, not that it cannot be revoked by the mutual consent of the parties. Zimmerman v. Cohen, 139 N.E. 764, 236 N.Y. 15 (1923). [7 N.J. at 182; emphasis added].
Plaintiff seeks a stay of this action pending completion of the arbitration proceedings and relies upon N.J.S.A. 2A:24-4, which provides that
In an action brought in any court upon an issue arising out of an agreement providing for the arbitration thereof, the court, upon being satisfied that the issue involved is referable to arbitration, shall stay the action, if the applicant for the stay is not in default in proceeding with the arbitration, until an arbitration has been had in accordance with the terms of the agreement.
It is undisputed that the dispute which is the subject matter of this suit arises out of the license agreement which, in paragraph 31, provides for the arbitration thereof. No suggestion is made that the issue is not arbitrable. And plaintiff has not been shown to be "in default in proceeding with the arbitration." Its demand for arbitration was, in *470 the undisputed factual setting of this case, timely. In Pyramid Electric Co. v. Staklinski, supra, Judge Haneman (later Associate Justice of the State Supreme Court) in his opinion for the Appellate Division, made it clear that
* * * Where the parties incorporate an arbitration clause in their agreement the courts will enforce a timely request by either party that the other be compelled to have the arbitrable question in dispute adjudicated by the arbitration process agreed upon, and refrain from substituting the judicial forum for the arbitrator as the adjudicator of such issues. To accomplish this result the contract need do no more than provide, in substance, that disputes arising thereunder shall be arbitrated. Special language of "condition precedent" is not necessary. But an arbitration clause does not operate to deprive the court of jurisdiction to render such ancillary, provisional, or protective relief (short of adjudication of the arbitrable issues) as is mentioned in the Shribman and Rosenthal cases, supra, unless the parties so expressly stipulate in the agreement. [61 N.J. Super. at 282]
Defendant Mildred Carey suggests that plaintiff is now seeking arbitration of the dispute rather than adjudication of it in this action particularly because of the requirement in section 30 of the Commercial Arbitration Rules of the American Arbitration Association that
The Arbitrator shall be the judge of the relevancy and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary.
Neither the Arbitration Act nor the license agreement provides otherwise. Paragraph 31 of the license agreement requires settlement of the dispute by arbitration "under the rules then obtaining of the American Arbitration Association."
Unless otherwise provided by the submission or by statute, the arbitrators are not required to follow the legal rules of evidence but have plenary power as to the admissibility, competency, and weight of evidence. [6 Williston on Contracts, (rev. ed 1938), § 1929 at 5397].
See also, Local Union 560, I.B.T., v. Eazor Express, Inc., 95 N.J. Super. 219, 227 (App. Div. 1967).
*471 An order denying the motion to enjoin plaintiff from proceeding with arbitration and allowing the stay of this action pending completion of the arbitration proceedings will be entered.