HARMUTH ENGINEERING COMPANY, PLAINTIFF-RESPON-
DENT, v. FRANKLIN UNIVERSAL BUILDING
CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 9, 1981—Decided March 25, 1981.

Before Judges BISCHOFF, MILMED and FRANCIS.

*Bennett Wasserstrum* argued the cause for appellant.

*Kent A. F. Weisert* and *Warren B. Kasdan* argued the cause for respondent (*Schwartz, Steinberg, Tobia, Stanziale & Gordon*, attorneys; *Warren B. Kasdan* on the brief).

PER CURIAM.

This appeal challenges an order dated August 31, 1979 confirming an arbitration award and entering final judgment on behalf of plaintiff.

Defendant Franklin Universal Building Corporation and plaintiff Harmuth Engineering Company entered into a contract for the performance of construction work in Fairfield, New Jersey. Incorporated in the contract was a provision submitting all "disputes, claims or questions under the contract to binding arbitration." The contract provided for the selection of the arbitrators in the following manner:

... Within three days after the demand for arbitration, each party shall select one arbitrator and those two arbitrators shall in turn select a third arbitrator within ten days after the demand for arbitration was issued. Parties to arbitration shall meet within fifteen days after the demand for arbitration to settle the dispute.

After the project was completed a dispute arose concerning the amount due Harmuth for employing union labor. Harmuth requested arbitration of the dispute. Franklin agreed and selected an arbitrator. Harmuth selected its arbitrator and by letter dated July 11, 1978 informed Franklin's arbitrator they were ready to select the third arbitrator. The two arbitrators could not agree upon the third panel member and requested the American Arbitration Association to designate an impartial arbitrator. James O'Hara was appointed. Thereafter a conflict of interest developed and the two arbitrators appointed by Franklin and Harmuth withdrew. By letter dated November 13, 1978 counsel for Harmuth suggested that the parties mutually alter their agreement which provided for three arbitrators and utilize the services of one arbitrator, namely, O'Hara, to resolve the dispute. The letter further stated:

If, within five business days of their receipt of this letter, I do not receive notification by either party that they do not wish the arbitration to proceed in this matter, I will assume that they consent to this method of proceeding....

.    .    .    .    .    .    .    .

Again, if I do not hear from either you or your clients within five business days of your receipt of this letter ... I will assume that the arrangements proposed ... is [sic] agreeable to all concerned.

By letter dated November 28, 1978 the American Arbitration Association agreed to assume sole responsibility for arbitrating the dispute. No objections from either party were received and a notice of hearing for February 13, 1979 was mailed on January 16, 1979. On January 24, by letter, counsel for Franklin requested an adjournment and the hearing was postponed to February 20.

By letter of February 9, 1979 Franklin objected to the conduct of the arbitration by a single arbitrator, pointing to the contract provision for three arbitrators. The hearing was adjourned to March 20 and on that date counsel for Franklin appeared,

objected to the hearing proceeding on the basis of procedural jurisdiction, and left. The hearing proceeded, with Harmuth receiving an award of the full amount of its claim plus interest. When Franklin indicated it did not intend to make payment of the award, Harmuth instituted this action seeking enforcement of the award under *N.J.S.A.* 2A:24–1 *et seq.* After a hearing the trial judge entered an order confirming and enforcing the arbitration award. The trial judge stated:

> The Court is fully aware of the strictures placed upon its authority to alter or amend the terms of a contract mutually consented to by the parties. However, it must be kept in mind that the challenge raised on this motion to the arbitrator's actions is procedural in nature, asserting that the arbitration procedure extended beyond the guidelines established in the parties' contract. There has been no issue raised as to the substantive arbitrability of the dispute submitted at the hearing of March 20, 1979, and from the briefs, certification and affidavits on file, it would appear that the substance of the question presented for arbitration was clearly provided for in the contract.

> Since it is undisputed by the parties that the substantive issue resolved by arbitration in this case was one properly vested for decision by arbitration, the Court is satisfied that for the reasons set forth in *Standard Motor Freight* [49 *N.J.* 83 (1967)], *supra*, and in *Moreira Construction Co. v. Wayne Twsp.*, 98 *N.J.*, 570, 582–583 (App.Div.1968), that where sole issue is one of "procedural arbitrability" the question should be resolved by the arbitrator, and not by the court, where substantive arbitrability is found to exist.

Settlement of controversies by arbitration is favored by the courts. *Machine Printers, etc. U. S. v. Merrill, etc., Works, Inc.*, 12 *N.J.Super.* 26, 31 (App.Div.1951). And the means selected by the parties is to be "given full play." *Standard Motor Freight, Inc. v. Local Union No. 560, supra* 49 *N.J.* at 95. However, the parties to a contract are only bound to submit a dispute to arbitration in the manner and under the circumstances they have provided by their agreement—"they have a right to stand upon the precise terms of their contract." *Machine Printers, etc., U. S., supra* 12 *N.J.Super.* at 31; *Melvin P. Windsor, Inc. v. Mayflower S. & L. Ass'n*, 115 *N.J.Super.* 219 (App.Div.1971). Arbitration provisions and awards are controlled generally by *N.J.S.A.* 2A:24–1 *et seq.* Section 2A:24–5 provides that "If a method is provided in the agreement for

naming or appointing an arbitrator or umpire, it shall be followed...." while *N.J.S.A.* 2A:24–6 provides that "When more than one arbitrator is agreed upon, all the arbitrators shall sit at the hearing of the case, unless by written consent, all parties agree to a lesser number." The imperative language of these statutes has been consistently interpreted to mean that where a contract provides for a specific number of arbitrators, they must all hear the evidence and confer for the award to be binding. *Melvin P. Windsor, Inc. v. Mayflower S. & L. Ass'n, supra; Mitchell v. Alfred Hoffman, Inc.,* 48 *N.J.Super.* 396 (App.Div. 1958). See, also, Annotation, "Arbitrator-Withdrawal or Death", 49 *A.L.R.2d* 900.

Plaintiff seeks to avoid the mandatory nature of the agreement by the application of the doctrines of waiver and estoppel. Defendant's letter of February 9, 1979 and its objection at the time of the hearing to the jurisdiction of the single arbitrator was sufficient to reserve and protect its rights under the contract to the procedure therein established. *N. J. Mfrs. Ins. Co. v. Franklin,* 160 *N.J.Super.* 292, 300 (App.Div.1978).

Plaintiff's reliance on the doctrine of estoppel is based on the contention that defendant had an affirmative duty to respond to the letter of November 13 and the other arrangements made by plaintiff for the single arbitrator's hearing. We disagree. We see no basis for the application of equitable estoppel. Plaintiff could very well have avoided this problem by proceeding under the contract and naming a substitute arbitrator, requesting defendant to do likewise, and, if defendant refused to do so, proceeding under *N.J.S.A.* 2A:24–3.

Defendant was entitled to rely upon the precise terms of its contract and the statutory requirement that any reduction in the number of arbitrators be in writing. *N.J.S.A.* 2A:24–6. *Moreira Constr. Co., Inc. v. Wayne Tp., supra,* 98 *N.J.* at 583; *Melvin P. Windsor, Inc. v. Mayflower S. & L. Ass'n, supra; Machine Printers, etc., U. S. v. Merrill, etc., Works, Inc., supra.*

The order confirming the arbitrator's award and "entering final judgment on behalf of the plaintiff" is reversed. Judgment is entered for the defendant dismissing plaintiff's complaint.